INMATES OF THE ALLEGHENY COUNTY JAIL, Thomas Price Bey, Arthur Goslee, Robert Maloney, and Calvin Milligan on their own behalf and on behalf of all others similarly situated, Plaintiffs/Appellees,

v.

Cyril H. WECHT, President of the Allegheny County Board of Prison Inspectors, and the other members of the Board; Thomas Foerster and William H. Hunt, Commissioners for Allegheny County; Frank J. Lucchino, Controller for Allegheny County; Eugene Coon, Sheriff for Allegheny County; the Honorable Patrick R. Tamilia, Michael J. O'Malley, and Marion K. Finkelhor, Judges, Court of Common Pleas of Allegheny County; Richard S. Caliguiri, Mayor of the City of Pittsburgh; Harriet McCray; Msgr. Charles Owen Rice, and Charles Kozakiewicz, Warden of the Allegheny County Jail; and William B. Robinson, Executive Director of Prison Inspectors; and Cyril Wecht, Thomas Foerster and William H. Hunt, as Commissioners of Allegheny County, Defendants/Appellees,

v.

The COMMONWEALTH OF PENNSYLVANIA; the Commonwealth of Pennsylvania, Department of Corrections; David S. Owens, Jr., Commissioner, Department of Corrections, and Erskind Deramus, Deputy Commissioner, Department of Corrections, Third Party Defendants/Appellants.

No. 88–3866.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 17, 1989.

Decided May 1, 1989.

Rehearing and Rehearing In Banc Denied June 7, 1989.

Ernest D. Preate, Jr., Atty. Gen., Thomas F. Halloran, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Calvin R. Koons, Deputy Atty. Gen., Office of Atty. Gen., Pittsburgh, Pa., for The Commonwealth of Pennsylvania, et al. third party defendants/appellants.

Donald Driscoll, Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for Inmates of Allegheny County, et al., plaintiffs/appellees.

James J. Dodaro, County Sol., George C. Diamantopulos, Asst. County Sol., Allegheny County Law Dept., Pittsburgh, Pa., for Cyril H. Wecht, et al., defendants/appellees.

Before GIBBONS, Chief Judge, and BECKER and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

The Commonwealth of Pennsylvania appeals from the denial of a motion to dismiss a third-party complaint filed against it by Allegheny County. This complaint names the Commonwealth, the Commonwealth Department of Corrections, David S. Ow-

ens, Jr., the Department of Corrections Commissioner, and Erskind Deramus, the Department's Deputy Commissioner, as third-party defendants in a thirteen-year old civil rights action by the inmates of the Allegheny County Jail against various Allegheny County officials over unconstitutional conditions at the Jail. The Commonwealth contends that the Eleventh Amendment and the Full Faith and Credit Act, 28 U.S.C. § 1738 bar the third-party complaint. Since the Commonwealth failed to file a petition with this Court for leave to appeal under Fed.R.App.P. 5, we will dismiss this appeal for lack of jurisdiction under 28 U.S.C. § 1292(b).

## I

In 1976 the inmates of the Allegheny County Jail filed suit against certain County officials under 42 U.S.C. § 1983 alleging violations of the Fifth, Eighth, and Fourteenth Amendments at the Allegheny County Jail. The case proceeded through February 1988 and has yet to be finally resolved. The conditions at the Jail and the history of the litigation have been repeatedly chronicled elsewhere. *See Owens–El v. Robinson,* 442 F.Supp. 1368 (W.D.Pa.1978); *Owens–El v. Robinson,* 457 F.Supp. 984 (W.D.Pa.1978); *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754 (3d Cir.1979); *Inmates of Allegheny County Jail v. Pierce,* 487 F.Supp. 638 (W.D.Pa.1980); *Inmates of Allegheny County Jail v. Wecht,* 565 F.Supp. 1278 (W.D.Pa.1983); *Inmates of Allegheny County Jail v. Wecht,* 754 F.2d 120 (3d Cir.1985); *Inmates of Allegheny Jail v. Wecht,* 612 F.Supp. 874 (W.D.Pa.1985).

On February 4, 1988, the County filed a third-party complaint seeking to join the Commonwealth, the Department of Corrections, and certain officials. The complaint sought to hold the Commonwealth and its officials liable to the inmates for any amount adjudged against the County for failure to eliminate overcrowding at the Jail. The complaint further sought a preliminary injunction enjoining the Commonwealth and its officials from refusing to accept the transfer of inmates from the Allegheny County Jail to state facilities. The Commonwealth immediately filed a motion to dismiss the third-party complaint.

The district court stayed consideration of this motion pending a decision by the Pennsylvania Supreme Court on an application by the County for an injunction requiring the Commonwealth to take certain of its inmates out of the Jail. This decision was filed on July 28, 1988, and denied the County's request. *Allegheny County v. Commonwealth,* 518 Pa. 556, 544 A.2d 1305 (1988). The district court then directed the parties to respond as to the effect of the Pennsylvania Supreme Court decision upon the pending motion to dismiss. The inmates and the Commonwealth agreed that the Pennsylvania Supreme Court decision should be given full faith and credit. The County asserted that a claim arising under § 1983 and 28 U.S.C. § 1343 gave the district court authority to order the Commonwealth to receive prisoners as a matter of federal law.

On November 17, 1988, the district court denied the Commonwealth's motion to dismiss. The court reasoned that the Commonwealth, in housing its prisoners at the Jail, contributed to unconstitutional overcrowding and that the district court had "supreme federal equitable power to remedy unconstitutional confinement conditions."

## II

The Commonwealth seeks to appeal on the basis of 28 U.S.C. § 1292(b). This provision gives Courts of Appeals discretion to review orders otherwise not appealable when the district court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The district court's order neither qualifies as a final appealable order under 28 U.S.C. § 1291, nor as an order relating to injunctive relief under 28 U.S.C. § 1292(a).

On December 14, 1988, the district court granted the Commonwealth's motion to amend and certify the November 17 order as involving a controlling question of law that may be immediately appealed under 28 U.S.C. § 1292(b). The district court did not specify whether it deemed the controlling question to be the Eleventh Amendment challenge or the § 1738 issue. Each ostensibly qualifies as a question of law to which there is substantial ground for difference of opinion. We need not address this question, however, since the Commonwealth failed to meet the additional jurisdictional requirements for a § 1292(b) appeal as mandated by Fed.R.App.P. 5.

Fed.R.App.P. 5(a) requires that a petition for permission to appeal be filed with the clerk of the Court of Appeals within ten days after the district court's entry of an amended order certifying its appealability. The Commonwealth did file a notice of appeal on December 15, 1988. It did not file the required petition within the required ten days. Nor did it file such a petition until April 24, 1989. This filing was clearly untimely. We will therefore dismiss for lack of jurisdiction. *Lynch v. Johns–Manville Sales Corp.*, 701 F.2d 44, 45 (6th Cir.1983).