IN THE MATTER OF THE ESTATE OF ISMERELDA A. HODGE,
a/k/a ISMERELDA HODGE, Deceased, Appellant

D.C. Civ. App. No. 1998-0081A

District Court for the Virgin Islands

Division of St. Croix

February 6, 2003

MARK L. MILLIGAN, ESQ., Christiansted, St. Croix, *Attorney for Appellant(s)*

MOORE, BROTMAN and HOLLAR, *Judges*

## OPINION OF THE COURT

*Per curiam.*

This matter is before the Court on an appeal by the co-executors of the Estate of Ismerelda Hodge from an interlocutory order entered December 30, 1997 by the Territorial Court declaring *inter alia* that the joint bank account at issue is a non-probate asset that can neither be demised, bequeathed, nor altered by a will because the account carries rights of survivorship and passes title automatically to the named surviving account holder. For reasons that follow, the appeal shall be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

On November 1, 1996, Ismerelda Hodge died testate. On February 7, 1997, a petition for probate and issuance of letters testamentary was filed in the probate division of the Territorial Court.

The petition listed *the following assets as belonging to the estate*:

1. REAL PROPERTY      ESTIMATED VALUE    SHARE

| | ESTIMATED VALUE | SHARE |
|---|---|---|
| Plot No. 2, Estate Paradise Frederiksted, St. Croix | $141,426.65 | 100% interest |
| Plot No. 17, Estate Paradise Frederiksted, St. Croix | $84,556.65 | 100% interest |
| Plot No. 18, Estate Paradise Frederiksted, St. Croix | $3,114.00 | 100% interest |
| Total Real Estate Value | $229,097.30 | |

2. PERSONAL PROPERTY    ESTIMATED VALUE    LOCATION

| | | ESTIMATED VALUE | LOCATION |
|---|---|---|---|
| a) | Certificate of Deposit | $40,000.00 | V.I. Community Bank, St. Croix |
| b) | Savings Account No. 727-010941-1 Ismerelda Hodge or Gertrude C. Hodge | $48,224.10 | Chase Manhattan Bank, St. Croix |
| c) | Savings Account No. 726-0-08864-1 Ismeralda Hodge and Alfredo Hodge | $57,832.23 | Chase Manhattan Bank, St. Croix |
| (d) | Checking Account No. 724-1-051163 Ismerelda Hodge or Alfredo Hodge | $3,800.00 | Chase Manhattan Bank, St. Croix |
| (e) | Miscellaneous Furniture and Jewelry | $10,000.00 | Plot No. 2 Estate Paradise St. Croix |
| | Total Personal Property | $159,856.33 | |

Attached to the petition were executed waivers and consent forms from the heirs of the decedent. However, absent from the petition was any consent and waiver from the decedent's daughter, Gertrude A. Hodge ("Ms. Hodge"). As a result of her refusal to execute the documents, a citation was issued for Ms. Hodge to appear on April 1, 1997. The citation required Ms: Hodge to show cause why the documents purporting to be the Last Will and Testament with codicils annexed thereto should not be admitted to probate and why letters testamentary should not be granted to Alfred Hodge and Lima Hodge-Martin.

At the April 1, 1997 show cause hearing, Gertrude Hodge appeared *pro se* and objected to: (1) her name being removed as a co-executor because she was named by the decedent as an executrix in the will; and (2) the listing of the balance in Joint Savings Account No. 727-010941-1 at Chase Manhattan Bank, bearing her name and the decedent's name, as an asset of the estate.

As a result of the objections, the Court continued the show cause hearing for "at least another 30 days" in order to afford Ms. Hodge an opportunity to secure counsel and to file formal objections. Ms. Hodge neither secured counsel nor filed formal objections.

Having filed no formal objection, the Court on June 17, 1997 admitted the decedent's will to probate and letters testamentary were issued to Alfredo Hodge and Lima Hodge as co-executors of the estate. After assuming their positions, the co-executors received information that the proceeds of the Chase Manhattan Bank Joint Savings Account No. 727-1-010941-1, consisting of $48,224.10 had been withdrawn by means of wire transfer to Ms. Hodge's account in Virginia as early as March 31, 1997 and that account was thereafter closed on April 15, 1997. In response to this disclosure, the co-executors, on behalf of the estate, moved for a hearing in order for Gertrude Hodge to appear and show cause why she should not be held in contempt of the Court's order, dated April 1, 1997, requesting her to: (1) secure legal counsel; and (2) file her formal objection(s) in writing.

On July 14, 1997, the estate's motion to issue an order for Ms. Gertrude Hodge to show cause was granted and the matter was scheduled

for hearing on September 10, 1997. Ms. Gertrude Hodge failed to appear at the September 10, 1998 hearing.[1]

By Order, dated December 30, 1997, the Court held that: (1) notice of the September 10, 1997 hearing was not properly served on Ms. Gertrude Hodge; and (2) the account at issue was a non-probate asset which could neither be devised, bequeathed, nor altered by will or other testamentary instrument. Thus, the outstanding order to show cause was dismissed.

In response to the Court's ruling the estate moved to partially vacate the December 30, 1997 Order.

By Order, dated February 10, 1998, the Court denied the estate's motion and reaffirmed its December 30, 1997 ruling that: "[s]ince the bank account in question is a non-probate asset, and is a jointly held account with rights of survivorship, Ms. Hodge, as joint account holder, is entitled to the account's balance upon decedent's death, and does not have to account for such proceeds to the estate."

By motion, dated February 20, 1998, counsel for the estate argued that the Court erred in its determination that the joint account was a non-probate asset and requested that the question be certified for appeal. The Court granted petitioner's motion that same day by certifying the motion for appeal. However, petitioner failed to file a petition for permission to appeal with this Court within the 10 days as required by 28 U.S.C. section 1292 (b) and Rule 5 (a) of the Federal Rules of Appellate Procedure.

## II. DISCUSSION

The threshold question presented on appeal is whether this Court has appellate jurisdiction over the Territorial Court's ruling that the joint bank account was a non-probate asset. For the following reasons, this appeal shall be dismissed for lack of jurisdiction.

---

[1] In November, 1997 the Estate instituted *Hodge v. Hodge,* docketed at Civil No. 614/1997, in order to recover the funds Ms. Hodge withdrew from the account while the probate action was pending.

## The Appellate Division of the District Court does not have Jurisdiction.

The District Court was initially vested with appellate jurisdiction over Territorial Court judgments and orders by virtue of the *Revised Organic Act* as codified in 48 U.S.C. [§ ]1613a(a) which states

> Prior to the establishment of the appellate court authorized by section 1611(a) of this title, the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law ... *Provided,* That the legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States, including this chapter, or any authority exercised thereunder by an officer or agency of the Government of the United States, or the conformity of any law enacted by the legislature of the Virgin Islands or any order or regulation issued or action taken by the executive branch of the Government of the Virgin Islands with the Constitution, treaties, or laws of the United States, including this chapter, or any authority exercised thereunder by an officer or agency of the United States.

Congressional approval for this appellate scheme was likewise adopted by the local legislature as codified in section 33 of title 4 of the Virgin Islands Code, which states, in part, that: "The district court has appellate jurisdiction to review the judgments and orders of the territorial court in all civil cases ..."

Both the District Court of the Virgin Islands and the Court of Appeals for the Third Circuit have interpreted section 33's reference to "judgments and orders" as meaning "final judgments and final orders" in an ongoing effort to mirror the federal system. *Government of the Virgin Islands v. deJongh,* 28 V.I. 153 (D.V.I. 1993); *In re Sylvie Alison,* 837 F.2d 619 (3d Cir. 1988).

In the case under consideration, appellants seek review of the Territorial Court's Interlocutory Orders of December 30, 1997 and February 10, 1998. In those orders, the Territorial Court ruled that the joint bank account (No. 727-01941-1) in the name of Ismerelda Hodge, the decedent, and Gertrude C. Hodge, her daughter, was a non-probate asset due to the right of survivorship inherent in the joint bank account.

Therefore, the Court found that Ms. Hodge, as a matter of law, was entitled to the proceeds thereof.

The interlocutory appeal from the orders of December 30, 1997 and February 10, 1998 was brought before this Court for review "pursuant to 28 U.S.C. 1292(b), F.R.A.P. 5, FED. R. CIV. P. 12(6), 3d Cir. LAR, and Title 3 (sic) V.I.C. § 33, as amended." (Appellant's Br. at iv.)

At the time this appeal was filed, the applicable rule for appealing an interlocutory order of the Territorial Court was pursuant to 28 U.S.C. section 1292(b), the Federal Rules,[2] and Rule 76.1 of the Local Rules of Civil Procedure.

Rule 76.1 of the Local Rules of Civil Procedure provides, in pertinent part, that "[a]n appeal to the District Court may be had on any basis under which an appeal could be had from the District Court to the Court of Appeals for the Third Circuit."

Rule 5(a) of the Federal Rules of Appellate Procedure provides that the party seeking to appeal must file a petition for permission to appeal "within the time specified by the statute or rule authorizing the appeal." FED. R. APP. P. 5(a)(1)-(2).

Permission for review of interlocutory orders pursuant to 28 U.S.C. section 1292(b) is required as follows

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b) (emphasis added). The statute requires that the petition be filed within ten days after the district court's order certifying

---

[2] Effective November 1, 1998, the Virgin Islands Rules for Appellate Procedure were promulgated to govern procedure in appeals to the Appellate Division of the District Court of the Virgin Islands from the Territorial Court of the Virgin Islands. Currently, the applicable rule is V.I.R. APP. P. 6(a).

the case of a section 1292(b) appeal. 16A CHARLES ALAN WRIGHT &. ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3951 (1999).

■ Although counsel for appellants received certification from the Territorial Court, as required under the rule, petition for permission to appeal, as required under 28 U.S.C. section 1292(b) and Rule 5(a), was not filed within 10 days of the order as required. With regard to section 1292(b), as is the general rule about time limits for appeals, the ten (10) day filing period is jurisdictional. WRIGHT & MILLER at 276. This failure to apply to the Court of Appeals for permission to appeal a certified question within 10 days of entry of the order divests the Court of Appeals of jurisdiction. *Inmates at Allegheny County Jail v. Wecht,* 873 F.2d 55 (3d Cir. 1989); *Spinetti v. Atlantic Richfield Co.,* 552 F.2d 927 (Temp. Emer. Ct. App. 1976). Appellant never sought permission to appeal within 10 days of the Order. Accordingly, this Court need not address the merits of this appeal because it is dismissed for lack of jurisdiction.

## III. CONCLUSION

An interlocutory order may only be appealed pursuant to 28 U.S.C. section 1292(b) and Rule 5(a) of the Federal Rules of Appellate Procedure if the trial court certifies the question for appeal *and the appellant seeks permission from the appellate court to appeal within ten (10) days.* The appellant failed to seek the prescribed permission. Ergo, the appeal must be dismissed for lack of jurisdiction.