ALABAMA LABOR COUNCIL, AFL-CIO, PUBLIC EMPLOYEES UNION, LOCAL NO. 1279, et al., Plaintiffs-Appellants,

v.

The STATE OF ALABAMA et al., Defendants-Appellees.

No. 71-1489.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1972.

James C. Wood, Otto E. Simon, Mobile, Ala., Simon & Wood, Mobile, Ala., for plaintiffs-appellants.

William J. Baxley, Atty. Gen. of Alabama, Gordon Madison, J. Victor Price, Asst. Attys. Gen., Montgomery, Ala., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

The Alabama Labor Council, other unincorporated labor unions, and five employees of the Alcoholic Beverage Control Board of the State of Alabama (appellants) brought this action against the State of Alabama and certain state officials (appellees) in their own behalf and as a class seeking a declaratory judgment that the Solomon Act, Ala.Code title 55, §§ 317(1)–(4) is unconstitutional. A three judge court was constituted to consider the matter but dissolved itself on the ground that the complaint prayed only for declaratory relief and hence was not a proper case for a three judge court. Thereafter, Judge Johnson, acting as a single district judge, determined that abstention was appropriate and ordered that further proceedings be stayed for a reasonable time "in order to permit appellants to exhaust state administrative and judicial remedies." Dissatisfied with that result appellants filed a motion asking that the court reconsider its order and further that the court amend the order so as to permit an appeal to be taken pursuant to 28 U. S.C.A. § 1292(b). In response, the district court denied the motion for reconsiderations but did certify the cause for

an interlocutory appeal as provided by § 1292(b). Within 10 days after that order was entered appellants filed a notice of appeal in the district court but *did not,* as required by § 1292(b) and F.R. App.P. 5, file a petition for permission to appeal from the interlocutory order of the district court.

■ Since oral argument, examination of the record reveals that no application for leave to appeal has been filed as required by § 1292(b). Both parties desire to see this litigation, which has a long and tortious history,[1] come to an end. The State has not moved to dismiss the appeal. However, jurisdiction

1. In 1953 in Government & Civic Employees Organizing Committee, CIO v. Windsor, 116 F.Supp. 354 (N.D.Ala. 1953), a petition similar to the one here involved was presented to a three judge court. The court held that the Act could be construed by the Alabama courts as only prohibiting public employees from being members of or participating in labor unions for purposes of collective bargaining with the State, and thus constitutional. Therefore, under the doctrine of abstention the court withheld the exercise of jurisdiction but retained the cause for a reasonable time to permit the exhaustion of available state administrative and judicial remedies. On appeal the Supreme Court affirmed per curiam without an opinion. Government and Civic Employees Organizing Committee, CIO v. Windsor, 347 U.S. 901, 74 S.Ct. 429, 98 L.Ed.2d 1061 (1954).

The Government & Civic Employees Organizing Committee, CIO then filed a bill in equity in state court seeking a declaratory judgment that it was not a labor organization as defined in the Solomon Act and injunction prohibiting the State from enforcing the Act against its members. Government and Civic Employees Organizing Committee, CIO v. Windsor, 262 Ala. 285, 78 So.2d 646 (Ala.1955). Since the constitutional issues were not presented to the Alabama Supreme Court, it merely held that the union involved was subject to the provisions of the Act and denied injunctive relief. Upon return to the United States District Court the action was dismissed. The court held that the Alabama Supreme Court had not construed the Act "in such a manner as to render it unconstitutional." Government and Civic Employees Organizing Committee, CIO v. Windsor, 146 F.Supp. 214 (N.D.Ala. 1956). On appeal the United States Supreme Court vacated the district court's judgment. Government and Civic Employees Organizing Committee, CIO v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957).

The bare adjudication by the Alabama Supreme Court that the union is subject to the Act does not suffice, since that court was not asked to interpret the statute in light of the constitutional objections presented to the District Court. *Id.* at 366, 77 S.Ct. at 839, 1 L.Ed.2d at 896.

The court remanded the case with instructions to the district court to "retain jurisdiction until efforts to obtain an appropriate adjudication in the state courts have been exhausted." *Id.*

Thereafter, the plaintiff, now merged into the American Federation of State, County and Municipal Employees, returned to the state court and filed a bill in equity praying for a declaratory judgment decreeing the Solomon Act to be unconstitutional as applied to the union in violation of the due process and equal protection clauses of the fourteenth amendment. The bill also sought an injunction to enjoin state officials from enforcing or threatening to enforce the Act against the union or its members. The state trial court sustained a demurrer to the bill. The Alabama Supreme Court affirmed. American Federation of State, County and Municipal Employees v. Dawkins, 268 Ala. 13, 104 So.2d 827 (Ala.1958). The union made the mistake of alleging that it and its employees were being injured by "Respondents or *their predecessors in office."* Under Alabama procedure the averments of a bill on demurrer are to be construed most strongly against the complainant and where one alternative is bad, the demurrer to the bill as a whole must be sustained. *Id.* at 831. The Alabama Supreme Court held that the alternative averment failed to state a justiciable controversy, since the acts or threats by prior state officials could have no effect on the case before it. Apparently convinced that the bill was insufficient, the court went further and added that even if it were permitted to look beyond the alternative averments, the bill still failed to state a justiciable controversy; the court felt that insufficient facts had been alleged.

With *Dawkins* in hand the plaintiffs once again returned to the federal courts. The district court refused to accept the Alabama court's action as a sufficient construction of the Solomon Act. Since the plaintiffs indicated that they refused

cannot be conferred by consent.[2] This court is obligated to scrutinize its jurisdiction to hear an appeal even though the issue is not raised by the parties.[3]

 It is undisputed that the order appealed from is not a final one. Thus in order to perfect an appeal from the district court's interlocutory order the prerequisites of § 1292(b) must be met. Certification by the district court is insufficient; the would-be appellants must seek leave to appeal from a non-appealable order within the statutory 10 day period and permission to appeal must be granted by this court in order for us to take jurisdiction and decide the case on its merits. Permission to appeal is granted sparingly, not automatically. In Borskey v. American Pad & Textile Company[4] the district court made an appropriate certificate on August 3, 1961. Petitioners did not file their application for leave to appeal under § 1292(b) until September 1, 1961. This court denied the application since it was not made within the 10 day period.

We adhered to a strict interpretation of § 1292(b) in Jack Neilson, Inc. v. Tug Peggy.[5] There we initially dismissed the appeal because the application for leave to appeal was not filed until 12 days after the district court's certification. However, upon rehearing the appeal was permitted since it was shown that the petition had been filed within 10 days but due to error had not been stamped "Filed" until two days later.

Both the Third and Sixth Circuits have also considered the failure to file an application for leave to appeal within 10 days to be a jurisdictional defect. In Milbert v. Bison Laboratories, Inc.,[6] decided shortly after § 1292(b) was enacted, the Third Circuit denied an application which came 20 days after entry of the district court's certification order. The court reviewed the legislative history of the Act including the reports of the Committees on the Judiciary of the Senate and House of Representatives and concluded:

> We think that the conclusion is inescapable that the conditions precedent to the granting by this court of permission to appeal which are laid down by the new section 1292(b) are to be strictly construed and applied.[7]

In Wagner v. Burlington Industries, Inc.,[8] the Sixth Circuit held that it was

---

to return to the state courts but instead sought a final judgment, the district court dismissed the complaint by order of December 24, 1958. Government and Civic Employees Organizing Committee, CIO v. Windsor, Civil No. 7466 (N.D.Ala., filed Dec. 24, 1958). The court was of the opinion that if the plaintiffs were actually affected adversely by the Solomon Act then they could develop facts which would result in an "authoritative and definitive" interpretation of the Act by the Alabama Supreme Court. There was no appeal from this order.

In October of 1969 the Solomon Act was once again attacked in the federal courts. A three judge panel in Alabama Labor Council, AFL–CIO v. Brewer, Civil No. 5424–69 (S.D.Ala., filed Oct. 14, 1969), was asked by the union, the only party-plaintiff, to restrain enforcement of the Act and to declare it unconstitutional. The case was dismissed on the ground that the union did not have standing to sue. The court observed that there was "no proof or allegation that

the Act caused public employees to withdraw their membership from the union." Again, there was no appeal.

2. Brown Shoe Co. v. United States, 370 U.S. 294, 305, 82 S.Ct. 1502, 8 L.Ed.2d 510, 524 (1962) ; 21 Turtle Creek Square, Ltd. v. New York State Teacher's Retirement System, 404 F.2d 31 (5th Cir. 1968) ; Digital Data Systems, Inc. v. Carpenter, 387 F.2d 529, 532 (5th Cir. 1967).

3. United States v. Grand Jury, 425 F.2d 327, 329 (5th Cir. 1970) ; Paul v. Dade County, 419 F.2d 10, 12 (5th Cir. 1969).

4. 296 F.2d 894 (5th Cir. 1961).

5. 428 F.2d 54 (5th Cir. 1970), cert. denied 401 U.S. 955, 91 S.Ct. 973, 28 L.Ed. 2d 238 (1971).

6. 260 F.2d 431 (3d Cir. 1958).

7. *Id.* at 435.

8. 423 F.2d 1319 (6th Cir. 1970).

without jurisdiction to hear the interlocutory appeal since no application for leave to appeal had been made. The court concluded that § 1292(b) "is to be strictly complied with."

Section 1292(b) and FRAP 5 clearly set forth the prerequisites which must be met before this court can entertain an appeal from an interlocutory order under that section. No application for leave to appeal from the order of the district court has been filed in this case. FRAP 26(b) explicitly prohibits enlargement of the time for filing a petition for permission to appeal.[9] We are thus without jurisdiction to hear this appeal.

The appeal is dismissed for want of jurisdiction.

Dismissed.

---

9. *See* Jack Neilson, Inc. v. Tug Peggy, 428 F.2d 54 (5th Cir. 1970).