**Robert E. HANSON, Appellant,**

**v.**

**HUNT OIL COMPANY, a foreign corporation, Appellee.**

**No. 73–1669.**

United States Court of Appeals, Eighth Circuit.

Nov. 19, 1973.

Thomas A. Mayer, Bismarck, N. D., for appellee.

Albert A. Wolf, Bismarck, N. D., for appellant.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This matter comes before the court upon a motion pursuant to our Eighth Circuit Rule 9(b) for summary dismissal of an appeal taken from an order of the district court dismissing portions of the complaint. We conclude that this court is without jurisdiction and we grant the motion.

This litigation arises from a contract and side agreement for a unitization project (the Tioga-Madison Unit) designed to consolidate and thereby increase the production of oil in North Dakota. In 1966, Robert E. Hanson filed an action to reform the contract and for an accounting, and Hunt Oil filed a counterclaim for unpaid opera-

tional costs. Judgment was rendered for Hunt Oil, but was reversed by this court in Hanson v. Hunt Oil Co., 398 F. 2d 578 (8th Cir. 1968). On remand, judgment again was entered for Hunt Oil and the judgment was affirmed in Hanson v. Hunt Oil Co., 438 F.2d 690 (8th Cir. 1971).

Hanson filed the instant action on October 20, 1971, alleging, *inter alia*, that Hunt Oil had operated the oil wells in either a negligent or willful manner to eliminate or reduce the production of oil from Hanson's wells and that Hunt Oil had unlawfully induced him to enter into the agreement.

After further discovery, pre-trial conferences and an offer of proof by Hanson, the district court on July 30, 1973, granted Hunt Oil's motions to strike portions of the complaint which made reference to the side agreement on the ground that it had been determined in prior litigation that the side agreement had been fully performed. Based on assertion that the "heart and substance" of his lawsuit had been removed, the district court entered the following order:

> It is the court's view that the plaintiff should have an opportunity to apply to the Court of Appeals for permission for an appeal to be taken from this order, if he has a desire to do so, pursuant to the provisions of 28 U.S.C. § 1292(b). The court, therefore, certified as follows . . . .[1]

Hanson filed a notice of appeal in this court on August 23, 1973. Hunt Oil has filed a motion to dismiss the appeal on the ground that this court is without jurisdiction because of appellant's failure to timely file an application for permis-

---

1. 28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

71

sion to appeal in this court within ten days of the district court's certification. *See* 28 U.S.C. § 1292(b) and Rule 5(a) of the Federal Rules of Appellate Procedure. The failure to file an application for leave to appeal within the statutory ten days is a jurisdictional defect under § 1292(b), and we conclude that the court is without jurisdiction to hear the instant appeal under this statutory provision. Alabama Labor Council v. Alabama, 453 F.2d 922 (5th Cir. 1972).[2]

The appeal is dismissed for want of jurisdiction.

---

2. Moreover, even if the order of the district court could be construed to be final as to one or more of appellant's claims, the existence of other claims precludes this court's jurisdiction in the absence of a certificate under Rule 54(b) of the Federal Rules of Civil Procedure. *See* Richardson v. Communication Workers, 469 F.2d 333 (8th Cir. 1972), cert. denied, 414 U.S. 818, 94 S.Ct. 38, 38 L.Ed.2d 50 (1973).