Lloyd AUCOIN, Plaintiff-Appellant,

v.

MATADOR SERVICES, INC., Defendant-Appellee.

No. 84–3516

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1985.

Domengeaux & Wright, William P. Rutledge, New Orleans, La., for plaintiff-appellant.

Courtneay, Forstall, Grace & Hebert, Terrence C. Forstall, Charles V. Guilbault, New Orleans, La., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Aucoin appeals from an order denying remand of his suit to state court. Such an order is not a final order appealable as a matter of right under 28 U.S.C. § 1291, and is appealable only under the discretionary appeal provisions of 28 U.S.C. § 1292(b). The district court entered the requisite certificate under 28 U.S.C. § 1292(b), and Aucoin timely filed notice of appeal. He did not file with this Court a request for permissive appeal within ten days after the 1292(b) order was filed in the district court as required by Fed.R. App.P. 5(a), however. Therefore, we must dismiss his appeal for lack of appellate jurisdiction.

As a court of limited jurisdiction, we must note an absence of jurisdiction, even if not urged by the parties. *See Alabama Labor Council v. State of Alabama,* 453 F.2d 922 (5th Cir.1972). Specifically, in the absence of a timely request for permissive appeal under Fed.R.App.P. 5(a), we lack jurisdiction to consider granting a discretionary appeal. *Aparicio v. Swan Lake,* 643 F.2d 1109, 1111 (5th Cir.1981). The notice of appeal filed in the district court and without a statement of the basis for a discretionary appeal is not an adequate request under Rule 5. Charged to read the rules in a just manner, we do not rest on form for its esthetics; rather, we look to function. The timely filing of the petition for leave to appeal permits a near-contemporaneous assessment by the trial and appellate courts of the need for immediate appellate review under 28 U.S.C. § 1292(b). The petition is an important complement to a procedure designed to answer the question of whether an *immediate* appeal will materially advance the ultimate termination of the litigation. A notice of appeal expresses an appellant's wish for such a ruling but it misfires in function because it does not timely inform the appellate court in a manner which allows it promptly to respond.

As we noted in *Aparicio,* the district court can consider a new order and allow a proper petition for leave to appeal to be filed. The district court may also wish to reconsider its order to dismiss in light of our intervening decision in *Addison v. Gulf Coast Contracting,* 744 F.2d 494 (5th Cir. 1984). Lacking jurisdiction, we express no opinion as to its application to this case.

DISMISSED.