[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12419

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 16, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00292-CV-F-N

MAIN DRUG, INC.,

Plaintiff-Appellant,

versus

AETNA U.S. HEALTHCARE, INC.,
AETNA, INC.,

Defendants-Appellees.

_____

No. 06-12420

_____

D. C. Docket No. 05-00293-CV-F-N

EUFAULA DRUGS, INC.,

Plaintiff-Appellant,

versus

TDI MANAGED CARE SERVICES, INC.
and ECKERD HEALTH SERVICES,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Alabama

_____

Before CARNES, PRYOR and FARRIS,[*] Circuit Judges.

CARNES, Circuit Judge:

This consolidated appeal involves two putative class action cases (involving the same issues) which were removed to federal court under 28 U.S.C. § 1453, the Class Action Fairness Act (CAFA).  The complaints in the two actions were filed in state court (by the same counsel) before the effective date of CAFA, but the summons were not provided to the clerks of the state courts until after the effective date.  Relying on the filing date, the plaintiffs contend that the actions are not controlled by CAFA, and they moved to remand on that ground and for the additional reason that the amount in controversy requirement was not met.  The district court denied the motion to remand in each case, and within seven days each

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

plaintiff filed a notice of appeal in the district court. Neither filed in this Court a petition for permission to appeal.

Unless we have appellate jurisdiction, "we cannot review whether a judgment is defective, not even where the asserted defect is that the district court lacked jurisdiction." United States v. Machado, 465 F.3d 1301, 1306 (11th Cir. 2006). Interlocutory appellate jurisdiction to review CAFA remand orders is provided in 28 U.S.C. § 1453(c)(1). We held in Evans v. Walter Industries, Inc., 449 F.3d 1159, 1162 (11th Cir. 2006), that § 1453(c)(1) appeals are subject to the requirements of Fed. R. App. P. 5. That holding should have come as no surprise to anyone, because Rule 5 applies to appeals "within the court of appeals' discretion," id. 5(a)(1), and § 1453(c)(1) plainly makes appeals from CAFA remand rulings discretionary. 28 U.S.C. § 1453(c)(1) ("[A] court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court . . . ."). All four of the other circuits that have decided the issue have also concluded that the requirements of Rule 5 apply to interlocutory appeals of CAFA remand orders. See DiTolla v. Doral Dental IPA of N.Y., ___ F.3d ___, 2006 WL 3335125, *3 (2d Cir. Nov. 17, 2006); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 679 (7th Cir. 2006); Patterson v. Dean Morris, L.L.P., 444 F.3d 365, 368–69 (5th Cir. 2006); Amalgamated Transit

3

Union Local 1309 v. Laidlaw Transit Servs., 435 F.3d 1140, 1144 (9th Cir. 2006).

Filing a notice of appeal in the district court, which is all these two plaintiffs and would-be appellants did, does not comply with the requirement of Rule 5(a)(1) & (2) that a petition for permission to appeal be filed with the circuit clerk within the time specified in the authorizing statute for the discretionary appeal. Ala. Labor Council v. Alabama, 453 F.2d 922, 923 (5th Cir. 1972). Our predecessor court has held at least three times that the requirements of Rule 5 are jurisdictional. Aparicio v. Swan Lake, 643 F.2d 1109, 1111 (5th Cir. Apr. 1981); Cole v. Tuttle, 540 F.2d 206, 207 n.2 (5th Cir. 1976); Ala. Labor Council, 453 F.2d at 923–25. Those decisions are binding on us under the prior panel precedent rule. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

We are aware that the Supreme Court in Eberhart v. United States, 546 U.S. 12, 126 S. Ct. 403 (2005), in concluding that the time requirement set out in Fed. R. Crim. P. 33 was not jurisdictional, emphasized that "there is 'a critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule.'" Id. at ___, 126 S. Ct. at 403 (quoting Kontrick v. Ryan, 540 U.S. 443, 456, 124 S. Ct. 906, 909 (2004)). Of course, we will not follow prior panel precedent that has been overruled by a Supreme Court decision, but "[w]ithout a clearly contrary opinion of the Supreme Court or of this court sitting

4

en banc, we cannot overrule a decision of a prior panel of this court." NLRB v. Datapoint Corp., 642 F.2d 123, 129 (5th Cir. Apr. 1981); accord United States v. Chubbuck, 252 F.3d 1300, 1305 n.7 (11th Cir. 2001) ("[T]he prior precedent rule would not apply if intervening on-point case law from either this Court en banc [or] the United States Supreme Court . . . existed.").

Because of the Eberhart holding if we had a prior panel decision that the time requirements of Criminal Rule 33 were jurisdictional, we could not follow it in light of the Supreme Court's later Eberhart decision. That is a different thing, however, from concluding that Eberhart, which decided only a Rule 33 issue, relieves us from the obligation to follow our prior panel decisions holding that the requirements of Appellate Rule 5 are jurisdictional. Obedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing. Until either the Supreme Court or this Court sitting en banc overrules the Aparicio, Cole, and Alabama Labor Council decisions, we are bound by them to conclude that the requirements of Appellate Rule 5 are jurisdictional.

The plaintiffs note that in the closely related case of Eufaula Drugs, Inc. v. ScripSolutions, No. 05-15668, we declined to accept an appeal on the merits, rather than raising the jurisdiction issue sua sponte. But it is well-established circuit law

5

that "we are not bound by a prior decision's sub silentio treatment of a jurisdictional question." Okongwu v. Reno, 229 F.3d 1327, 1330 (11th Cir. 2000); accord Oguejiofor v. Att'y Gen., 277 F.3d 1305, 1309 n.5 (11th Cir. 2002); Gilreath v. State Bd. of Pardons & Paroles, 273 F.3d 932, 933 n.* (11th Cir. 2001) (per curiam); cf. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119, 104 S. Ct. 900, 918 (1984) ("'[W]hen questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.'" (alteration in original) (quoting Hagans v. Lavine, 415 U.S. 528, 533 n. 5, 94 S. Ct. 1372, 1377 n. 5 (1974)). There is, in other words, an exception to the prior panel precedent rule for implicit jurisdictional holdings. If jurisdictional holdings are explicit they must be followed, not so if they are only implicit.

The jurisdiction question is something of a red herring, anyhow. If we were free to and did hold that Rule 5 was not a jurisdictional requirement but only a claim-processing rule, we would still be compelled to dismiss this appeal. In response to the plaintiffs' attempted appeal the defendants promptly filed a motion to dismiss pointing out that the plaintiffs had not complied with Rule 5. The defendants thereby asserted in a timely fashion their right to a dismissal based on the rule. Eberhart establishes that the right to assert as a defensive mechanism the

6

other party's failure to comply with claim-processing rules, unlike jurisdictional rules, may be forfeited if not timely asserted. 546 U.S. at ___, 126 S. Ct. at 407. Eberhart does not say that courts of appeal may ignore timely-raised procedural challenges just because compliance with the rules requiring the procedure is not a prerequisite for the exercise of jurisdiction. To the contrary, the Court in Eberhart wrote: "These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." Id. (emphasis added). The defendants did not forfeit the right to the dismissal that Rule 5 promises a party whose opponent ignores its requirements, but instead claimed in a timely fashion the right to a dismissal based on the rule.

We are not authorized by Fed. R. App. P. 2 to suspend the requirements of Rule 5 for the timely filing of a petition for permission to appeal. Rule 2 authorizes the suspension for good cause of any provision of the appellate rules "except as otherwise provided in Rule 26(b)," which forbids extending the time for filing a petition for permission to appeal. Id. 2 & 26(b)(1); Aparicio, 643 F.2d at 1111. So, the rules explicitly forbid us from suspending, even for good cause, the time requirements in Rule 5.

The plaintiffs ask us to construe the timely notices of appeal they filed in the district court to be petitions for permission to appeal. Doing so would be too much

7

of a stretch and would undermine both the purpose of Rule 5 and of the prohibition of Rule 26(b)(1). A notice of appeal contains none of the six components required by Rule 5(b)(1) and does not permit an answer from the opposing party as contemplated in Rule 5(b)(2). Fed. R. App. P. 5(b)(1)–(2).

True enough, a pro se appellate pleading filed within the time limits governing notices of appeal may be treated as one if it contains all of the elements of a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248–49, 112 S. Ct. 678, 682 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); Rinaldo v. Corbett, 256 F.3d 1276, 1279–80 (11th Cir. 2001). However, a notice of appeal where there is a right to appeal and a petition for permission to appeal where an appeal is discretionary, are fundamentally different. To perform its function a notice of appeal must specify the parties taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is being taken. Fed. R. App. P. 3(c)(1). That is all.

By contrast, in order to perform its function a petition for permission of appeal must contain all that a notice of appeal does, plus: a statement of the facts necessary to understand the question presented in the appeal; the question itself; the reasons why the appeal should be allowed and is authorized by a statute or rule;

an attached copy of the order complained of, any relating memorandum; and any order stating the district court's permission to appeal or finding that the necessary conditions for appeal are met. Id. 5(b)(1). The notices of appeal these plaintiffs filed contain none of the additional information that must be in a petition for permission to appeal. Even if we were to construe the notices of appeal the plaintiffs filed in the district court as petitions to this court for permission to appeal under Rule 5, we would still dismiss them for failure to comply with that rule.

The would-be appellants in the cases of Aparicio, 643 F.2d at 1110–11, and Alabama Labor Council, 453 F.2d at 922–25, had also filed timely notices of appeal in the district court, too, but we did not construe their notices of appeal to be petitions to this Court for permission to appeal. We will not do so here, either.

APPEAL DISMISSED FOR LACK OF JURISDICTION.[1]

---

[1] This appeal was originally scheduled for oral argument, but it was removed from the oral argument calendar pursuant to 11th Cir. R. 34-3(f).