# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1827

———————

Estate of Noah Joe Storm; Toni     *
Scadden; Bill Storm,     *
    *
          Appellants,     *
    *    Appeal from the United States
       v.     *    District Court for the
    *    Northern District of Iowa.
Northwest Iowa Hospital Corporation;     *
John Doe, #1 Supervising Physician;     *    [PUBLISHED]
Siouxland Medical Education     *
Foundation, Inc.; John Doe, #2 Senior     *
Resident for Siouxland Medical     *
Education Foundation; John Doe, #3     *
Attending Physician for Siouxland     *
Medical Education Foundation;     *
Thaddeus Vernon; Jeffrey Zoelle;     *
The Crittenton Center,     *
    *
          Appellees.     *

———————

Submitted: January 18, 2008
Filed: November 28, 2008

———————

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

———————

PER CURIAM.

———————

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

This appeal arises from a complaint filed in the district court by the Estate of Noah Joe Storm, alleging that negligence of the appellees caused damages to the Estate. According to the complaint, the administrator of the Estate, Toni Scadden, gave birth to a stillborn baby, who was given the name Noah Joe Storm. The complaint alleges that non-negligent conduct by the appellees would have resulted in the survival and live birth of Noah Joe Storm, that negligence by the defendants was a proximate cause of damages sustained by the Estate, and that causes of action alleged by Noah Joe Storm survive his death pursuant to Iowa Code § 611.20, the Iowa survival statute.

Applying Iowa law, the district court[2] concluded that according to decisions of the Supreme Court of Iowa, an unborn fetus does not have a cause of action for wrongful death under Iowa Code § 611.20. *See Dunn v. Rose Way, Inc.*, 333 N.W.2d 830, 831 (Iowa 1983); *Weitl v. Moes*, 311 N.W.2d 259, 272-73 (Iowa 1981). In an order filed on March 7, 2007, the court denied the plaintiffs' request to certify the question to the state supreme court, because it believed that the issue was "well settled" under Iowa law, and that other relevant factors did not justify certification. On April 5, 2007, the court granted the plaintiff's motion to amend the order of March 7. In the April 5 order, pursuant to 28 U.S.C. § 1292(b), the district court certified for interlocutory appeal to this court the question whether the district court erred by not granting the plaintiffs' request to certify an issue to the Supreme Court of Iowa. The appellant Estate has filed a brief in this court arguing that the district court abused its discretion by failing to grant certification.

We do not reach the merits of the appeal, because we conclude that the appeal must be dismissed for lack of jurisdiction. We are obligated to examine our jurisdiction, even where no party has raised the issue. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

---

[2]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

The appellant asserts that we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(b), because the district court certified a question for interlocutory appeal pursuant to that statute in its order of April 5, 2007. The district court's certification alone, however, is insufficient to confer jurisdiction on the court of appeals. Rather, the court of appeals may, in its discretion, permit an appeal to be taken from the district court's order "*if application is made to it within ten days after entry of the order*." 28 U.S.C. § 1292(b) (emphasis added). The corresponding federal rule of appellate procedure provides that "[t]o request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal." Fed. R. App. P. 5(a)(1). "The petition must be filed with the circuit clerk with proof of service on all other parties to the district-court action." *Id*. The rules further state that the petition must be filed "within the time specified by the statute authorizing the appeal," Fed. R. App. P. 5(a)(2), and expressly prohibit the court of appeals from extending the time to file. Fed. R. App. P. 26(b)(1). An appellant's failure to file an application for permission to appeal in this court within ten days of the district court's certification is a jurisdictional defect under § 1292(b). *Consul Gen. of Republic of Indonesia ex rel. Salom v. Bill's Rentals, Inc.*, 251 F.3d 718, 720 (8th Cir. 2001); *Hanson v. Hunt Oil Co.*, 488 F.2d 70, 72 (8th Cir. 1973) (per curiam); *see also Aucoin v. Matador Servs., Inc.*, 740 F.2d 1180, 1181 (5th Cir. 1985).

The appellant never filed with the clerk of this court an application for permission to appeal. Rather, on April 5, 2007, the appellant filed with the *clerk of the district court* a document captioned, "Plaintiffs' Notice of Interlocutory Appeal." This filing does not comply with the requirement of § 1292(b) that application be made to the court of appeals within ten days of the district court's order. Nor does it satisfy the corresponding requirements of Rule 5(a)(1) and (2) that a petition be filed with the clerk of the circuit court within the time specified by statute. *Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 475 F.3d 1228, 1230 (11th Cir. 2007). Nor, for that matter, does the notice of appeal filed in the district court include the contents of a petition required by Rule 5(b)(1), or give opportunity for an answer from the opposing

party as contemplated by Rule 5(b)(2). *See Main Drug*, 475 F.3d at 1231. Within the ten day period, the appellant filed no other document in this court that might serve as the functional equivalent of an application for permission to appeal. *Cf. Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005) (holding that appellate brief filed within ten days after district court's certification order was the "functional equivalent of a petition for leave to appeal").

For these reasons, we have no jurisdiction to entertain the appellant's interlocutory appeal, and the appeal is therefore dismissed.

_____