SYKES, Circuit Judge,
dissenting.
This is a direct appeal of an order of the bankruptcy court, bypassing an appeal to the district court or the bankruptcy appellate panel. Our jurisdiction is permissive, and to invoke it the trustee was required to: (1) obtain an order from the bankruptcy court certifying the ruling for direct review by the court of appeals; and (2) within 10 days of the docketing of the certification, file with the circuit clerk a petition requesting this court’s permission to appeal. See 28 U.S.C. § 158(d)(2)(A) and note, Pub.L. No. 109-8, Title XII, § 1233(b)(3)-(4), 119 Stat. 202-203 (2005). The trustee obtained the necessary certification from the bankruptcy court but never filed a petition for permission to appeal. The bankruptcy clerk sent us portions of the record anyway, a few days after the bankruptcy court issued the certification.
A timely petition for permission to appeal is a statutory requirement and sufficiently akin to a notice of appeal as to be jurisdictional under Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) (“Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.”). As such, the trustee’s failure to file one requires dismissal of the appeal. The majority sidesteps this jurisdictional defect by construing the bankruptcy clerk’s premature transmittal of the record as the functional equivalent of a petition. Because this stretches the concept of “functional equivalence” too far, I respectfully dissent.
As the majority notes, the Bankruptcy Abuse and Consumer Protection Act of 2005 authorizes, in limited circumstances, direct appeals to the courts of appeals from final orders or judgments of the bankruptcy courts. 28 U.S.C. § 158(d)(2). Our jurisdiction to hear a direct bankruptcy appeal is governed by the requirements of § 158(d)(2) and, in this case, certain temporary, uncodified procedural provisions of the Act intended to apply until permanent procedural rules were promulgated. See 28 U.S.C. § 158 note, Pub.L. No. 109-8, Title XII, § 1233(b) 119 Stat. 203 (2005). (As the majority notes, the permanent rules have since been adopted, but this case came to us when the interim statutory provisions were in effect.)
The Act permits the appellate courts to exercise jurisdiction over direct appeals from the bankruptcy courts if the bankruptcy court certifies that the judgment, order, or decree meets certain statutory criteria for review[1] and the court of appeals authorizes the direct appeal. 28 U.S.C. § 158(d)(2)(A). Under the temporary procedural provisions of the Act, the appellant must file a petition for permission to appeal with the circuit clerk “not later than 10 days after the certification is *358 entered on the docket of the bankruptcy court.” 28 U.S.C. § 158 note, Pub.L. No. 109-8, Title XII, § 1233(b)(4), 119 Stat. 203 (2005). These provisions also incorporate by reference most of Rule 5 of the Federal Rules of Appellate Procedure pertaining to appeals by permission: “Subject to any other provision of this subsection, an appeal authorized by the court of appeals under section 158(d)(2)(A) of title 28, United States Code, shall be taken in the manner prescribed in subdivisions (a)(1), (b), (c), and (d) of rule 5 of the Federal Rules of Appellate Procedure.” 28 U.S.C. § 158 note, Pub.L. No. 109-8, Title XII, § 1233(b)(3), 119 Stat. 203 (2005).
Rule 5, in turn, provides that “[t]o request permission to appeal when an appeal is within the court of appeals’ discretion, a party must file a petition for permission to appeal.” Fed. R.App. P. 5(a)(1). The petition “must be filed with the circuit clerk with proof of service on all other parties.” Id. The petition “must include the following: (A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; [and] (D) the reasons why the appeal should be allowed and is authorized by a statute or rule.” Fed. R. App. P. 5(b)(1). The petition must also attach a copy of the “order, decree, or judgment complained of and any related opinion or memorandum” and “any order stating the district court’s permission to appeal or finding that the necessary conditions are met.” Fed. R.App. P. 5(b)(1)(E). Any party opposing the appeal “may file an answer in opposition or a cross-petition within 7 days after the petition is served.” Fed. R.App. P. 5(b)(2).
The trustee never filed a petition for permission to appeal. Instead of dismissing for lack of appellate jurisdiction, however, the majority treats the bankruptcy clerk’s transmittal of portions of the record as the “functional equivalent” of a timely filed petition, deputizing the bankruptcy clerk as the trustee’s “agent” and finding within the contents of the transmittal all the substantive information required in a valid petition for permissive appeal. Maj. op. at pp. 351-54. I cannot agree with this approach.
The Supreme Court has held that a timely appellate pleading that is the functional equivalent of a notice of appeal may be construed as a notice of appeal for purposes of satisfying the jurisdictional prerequisites of Rules 3 and 4 of the Federal Rules of Appellate Procedure. See Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). As the majority notes, in Smith an appellate brief filed by a pro se appellant within the time limit for a notice of appeal was accepted as the functional equivalent of a notice of appeal. Id. The Second Circuit has applied this functional-equivalence standard in the context of discretionary appeals, accepting an appellate brief filed within the time limit for a petition for permission to appeal as the functional equivalent of a petition. See Casey v. Long Island R.R. Co., 406 F.3d 142, 146 (2d Cir.2005). I have no quarrel, as a general matter, with applying this test here.
But the functional-equivalence principle is not limitless, nor quite so elastic as the majority supposes. The Supreme Court has been careful to distinguish between allowing an appellant’s functionally equivalent pleading to satisfy a jurisdictional mandate and excusing the appellant’s noncompliance altogether. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 315-18, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (“Permitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold.”). In this regard, the majority’s reliance on Torres is misplaced.
*359 Torres involved an appeal by multiple plaintiffs, but due to an error by their lawyer’s secretary, the name of Jose Torres, one of the plaintiffs, was omitted from the notice of appeal. The Supreme Court noted that “although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for ‘good cause shown’ under Rule 2, if it finds that they have not been met.” Id. at 317, 108 S.Ct. 2405. The Court held that Torres had not filed the functional equivalent of a notice of appeal; because he was not named in the notice of appeal, he had not filed a notice of appeal at all. Id. (“Petitioner did not file the functional equivalent of a notice of appeal; he was never named or otherwise designated, however inartfully, in the notice of appeal filed by the 15 other interve-nors.”). Accordingly, the Court affirmed the dismissal of Torres’s appeal for lack of jurisdiction. Id. at 318, 108 S.Ct. 2405.
The same result is required here. Under Bowles, a timely petition for permission to appeal is a jurisdictional requirement. The trustee did not file the functional equivalent of a petition for permission to appeal within the applicable time limit for filing a petition; indeed, he did not file anything within the time limit for filing a petition. The majority permits the bankruptcy clerk’s premature transmittal of a portion of the record to stand as the trustee’s “petition.” This is a significant and unwarranted expansion of the functional-equivalence principle.
The requirements of Rule 5 make it clear that a petition for permission to appeal functions as more than a mere notice; it is a substantive adversarial pleading intended to persuade the appellate court to accept the case. Unlike a notice of appeal, which serves a basic notice function in an appeal as-of-right, a petition for permission to appeal initiates an adversarial and decisional process on the question of whether the appellate court should, in its discretion, permit the appeal in the first place. See Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1231 (11th Cir.2007) (distinguishing the functions of a notice of appeal and a petition for permission to appeal and refusing to permit a notice of appeal to serve as the equivalent of a petition for permission to appeal). The petition must contain the question presented, the facts necessary to understand it, the relief sought, and the reasons why the appeal should be allowed; it must also attach a copy of the order appealed from and any order of the lower court stating that an immediate appeal is appropriate. See Fed. R.App. P. 5(b)(l)(A)-(E). Opposing parties are allowed seven days after service of the petition to respond or file a cross-petition. See Fed. R.App. P. 5(b)(2).
The clerk’s transmittal of the lower-court record does not serve these functions. This is so even if (as here) the record contains the appealing party’s request that the lower court certify its order for appellate review as well as the lower court’s certification order.[2] Although *360 these documents may cover much the same ground that a petition must cover, when contained in a routine record transmittal, they do not perform the function of a petition in several important respects: They do not trigger the opponent’s seven-day response period, and they do not request a ruling from this court on the question of whether leave to appeal should be granted.[3]
Thus, what my colleagues accept in satisfaction of the jurisdictional mandate is defective in both form and function. In this regard, I think it highly significant that the materials comprising this makeshift “petition” came to us not from the trustee as the party seeking leave to appeal but from the clerk of the bankruptcy court. The majority permits the clerk’s action to substitute for the trustee’s inaction by dubbing the clerk the trustee’s “agent” for purposes of initiating the appeal. This is a novel form of agency. I know of no basis — in this specific situation or generally — for allowing the spontaneous action of a court clerk to discharge the jurisdictional obligations of the appealing party.[4]
This distinction must make a difference if Torres means what it says: “Permitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold.” 487 U.S. at 315— 16, 108 S.Ct. 2405. The trustee did not comply “imperfectly] but substantial[ly]” with the jurisdictional requirement, he did not comply at all. The majority has effectively waived the trustee’s total noncompliance with the applicable jurisdictional prerequisite; its jurisdictional holding is necessarily out of step with the rationale of Torres.[5]
To the extent the trustee’s functional-equivalence argument rests on Rule 2 of the Federal Rules of Appellate Procedure> *361 he clearly cannot prevail. Rule 2 permits the appellate courts to suspend any provision of the appellate rules for “good cause” — a broad grant of discretion that parallels the functional-equivalence principle. But Rule 2 does not permit the appellate courts to suspend statutory provisions, and here, a timely and Rule 5 compliant petition for permission to appeal is a statutory requirement. Moreover, Rule 2 is itself limited by the provisions of Rule 26(b). See Fed. R.App. P. 2 (“[A] court of appeals may — to expedite its decision or for other good cause — suspend any provision of these rules in a particular case ... except as otherwise provided in Rule 26(b).” (emphasis added)). Rule 26(b) provides that “the court may not extend the time to file ... a notice of appeal ... or a petition for permission to appeal.” Fed. R.App. P. 26(b) (emphasis added). Thus, the rules prohibit us from enlarging the time limit for filing a petition for permission to appeal.
I recognize that the majority’s approach is consistent with a decision of the Ninth Circuit in a very similar case. See Blausey v. U.S. Trustee, 552 F.3d 1124 (9th Cir.2009). I acknowledge as well that both our case and the Ninth Circuit’s concern temporary statutory provisions that have now been replaced by permanent rules, and that the issue is therefore “transitory” and perhaps not worth creating a circuit split. Maj. op. at p. 354. But I am convinced that Blausey was wrongly decided, for the reasons I have explained; it drew a strong dissent from Judge Gorsuch, sitting with the Ninth Circuit by designation, and I think he was right. 552 F.3d at 1134-37 (Gorsuch, J., dissenting). I am also not so sanguine about the limited effect of the majority’s jurisdictional decision. It fashions an exception that swallows a jurisdictional rule. A holding that a court clerk’s transmittal of portions of the lower-court record can substitute for the appealing party’s total noncompliance with a jurisdictional pleading requirement is potentially quite far-reaching.
Accordingly, for the foregoing reasons, I would dismiss the appeal for lack of appellate jurisdiction.

. The direct-review criteria are: "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court ... or involves a matter of public importance”; or "involves a question of law requiring resolution of conflicting decisions”; or "an immediate appeal ... may materially advance the progress of the case.” 28 U.S.C. § 158(d)(2)(A)(i)-(iii). The certification may be made by the bankruptcy court, the district court, or the bankruptcy appellate panel, on the court's own motion or on the request of the party. Alternatively, the certification may be made by "all the appellants and appellees (if any) acting jointly.” Id. § 158(d)(2)(A).

. The portion of the record transmitted to this court also included the trustee’s notice of appeal, but it is well established that a notice of appeal cannot substitute for a petition for permission to appeal. See, e.g., Estate of Storm v. Nw. Iowa Hosp. Corp., 548 F.3d 686, 688 (8th Cir.2008); Main Drug, 475 F.3d at 1231; Crystal Clear Commons, Inc. v. Sw. Bell Tel. Co., 415 F.3d 1171, 1175 (10th Cir.2005); Rodriguez v. Banco Cent., 917 F.2d 664, 668 (1st Cir.1990); Inmates of the Allegheny County Jail v. Wecht, 873 F.2d 55, 57 (3d Cir.1989); Aucoin v. Matador Servs., Inc., 749 F.2d 1180, 1181 (5th Cir.1985); In re La Providencia Dev. Corp., 515 F.2d 94, 95-96 (1st Cir.1975); Hanson v. Hunt Oil Co., 488 *360 F.2d 70, 71-72 (8th Cir.1973); 16A Charles Alan Wright, Federal Practice and Procedure § 3951 (4th ed.2008).

. That a motions panel of this court authorized the appeal in the absence of a petition seeking permission to appeal is irrelevant. Decisions by a motions panel do not definitively resolve jurisdictional questions; we are free to reexamine — indeed we must reexamine — the question of appellate jurisdiction when the merits are heard. United States v. Henderson, 536 F.3d 776, 777 (7th Cir.2008). That the failure to file a petition "confused no one,” maj. op. at p. 352, is likewise irrelevant. Jurisdictional defects require dismissal regardless of prejudice.

. The majority suggests that Rule 32(j)(2) of the Federal Rules of Criminal Procedure is analogous. I disagree. Rule 32(j)(2), a subsection of the rule governing the obligations of the district court at sentencing, requires the court clerk, “[iff the defendant so requests,” to "immediately prepare and file a notice of appeal on the defendant's behalf.” Fed.R.Crim.P. 32(j)(2) (emphasis added). This requirement, for the special protection of the appeal rights of criminal defendants, has no bearing on the jurisdictional analysis here, by analogy or otherwise. Rule 32(j)(2) is just that — a rule — and it specifically requires the clerk to act at the behest of the defendant. Here, in contrast, my colleagues have created an exception to a statutory jurisdictional rule, permitting the clerk's unilateral action — unbidden by the appealing party — to substitute for the appealing party’s failure to act.

.The provision in Rule 3 at issue in Torres— requiring a notice of appeal to specify the party or parties taking the appeal — was modified in response to Torres to permit courts to accept a notice of appeal that does not specifically name an appealing party if that party's "intent to appeal is otherwise clear from the notice.” Fed. R.App. P. 3(c)(4); see also Cleveland v. Porca Co., 38 F.3d 289, 293-94 (7th Cir.1994) (discussing Torres and the rules change that followed it). Despite this change in the rule, the rationale of Torres remains intact; there is a difference between accepting inexact but substantial compliance with a jurisdictional requirement and waiving a jurisdictional requirement altogether.