# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-30560

VIKTOR KHALIMSKY; FAINA LUSHTAK,

Plaintiffs - Appellants

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-8959

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–Appellants appeal the district court's order entered April 13, 2009, granting summary judgment in favor of Defendant–Appellee on the Appellants' medical expenses and loss of income claims. The parties brought a joint motion for leave to file an interlocutory appeal and a joint motion to stay trial pending appeal. On June 18, 2009, the district court stayed proceedings and granted the motion to certify the summary judgment order as interlocutory. Appellants filed their notice of appeal on June 26, 2009.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30560

However, Appellants did not file the requisite petition for permission to appeal within ten days after the § 1292(b) order was filed in the district court, and Appellants still have not filed such a petition. 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.]"); FED. R. APP. P. 5(a)(1) ("To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal."). "As a court of limited jurisdiction, we must note an absence of jurisdiction, even if not urged by the parties." *Aucoin v. Matador Servs., Inc.*, 749 F.2d 1180, 1181 (5th Cir. 1985). "Specifically, in the absence of a timely request for permissive appeal under FED. R. APP. P. 5(a), we lack jurisdiction to consider granting a discretionary appeal." *Id.* " The petition [for appeal under Rule 5(a)] is an important complement to a procedure designed to answer the question of whether an *immediate* appeal will materially advance the ultimate termination of the litigation." *Id.*

Here, the notice of appeal filed in the district court is not an adequate request under Rule 5(a) because it does not contain a statement of reasons why the court should allow the appeal, and it "does not timely inform the appellate court in a manner which allows it promptly to respond." *Id.* Therefore, we DISMISS this appeal for lack of appellate jurisdiction. *Id.*

DISMISSED.

2