**James CASEY, Plaintiff–Petitioner,**

v.

**LONG ISLAND RAILROAD COMPANY, Defendant–Respondent.**

No. 04–4251–CV.

United States Court of Appeals, Second Circuit.

Argued: Feb. 16, 2005.

Decided: April 28, 2005.

---

Michael Flynn, Garden City, New York, for Plaintiff–Petitioner.

William J. Blumenschein, Jamaica, New York (Mary Jennings Mahon, General Counsel, Jamaica, New York, on the brief), for Defendant–Respondent.

Before: OAKES, KEARSE, and SACK, Circuit Judges.

KEARSE, Circuit Judge.

Plaintiff James Casey has filed an appeal from so much of an interlocutory post-trial order of the United States District Court for the Southern District of New York, Richard Conway Casey, *Judge*, as granted the motion of defendant Long Island Railroad Company ("LIRR") for a new trial on certain issues unless plaintiff agrees to a remittitur. Treating the appeal as a petition for leave to appeal pursuant to 28 U.S.C. § 1292(b), we deny the petition.

## BACKGROUND

Plaintiff brought the present action against LIRR under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, to recover for alleged on-the-job injuries. On September 12, 2002, a jury returned a special verdict apportioning liability between the two parties and finding that plaintiff had proven damages totaling $1.75 million, including $1.3 million for future pain and suffering. (*See* Trial Transcript ("Tr.") 304–05.) Immediately thereafter, LIRR renewed a prior motion for judgment as a matter of law and argued that, in any event, in light of the trial evidence, the jury's finding of $1.3 million for future pain and suffering was excessive. (*See* Tr. 305–06.) The trial court stated that it wished to have the motion in writing and that a briefing schedule would be set after counsel received the trial transcript.

The Federal Rules of Civil Procedure ("Rules") provided that "upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it." Fed.R.Civ.P. 58 (1993) (amended effective Dec. 1, 2002); *see also* Fed. R.Civ.P. 58(a)(2)(B)(i) (2002) ("when … the jury returns a special verdict," "the court must promptly approve the form of the judgment, which the clerk must promptly enter"). Nonetheless, no judgment was entered on the September 12,

2002 verdict. By letter dated October 11, 2002, plaintiff wrote to the district court, arguing that delaying the entry of judgment was inappropriate under the Rules because entry of judgment triggers the time both for the making of postjudgment motions and for the accumulation of post-judgment interest. Plaintiff asked the court to enter judgment on the September 12, 2002 verdict *nunc pro tunc.* The court apparently denied that request, and it ordered instead, citing Fed.R.Civ.P. 62, that "enforcement of judgment in this case is stayed pending determination of Defendant's motion for judgment as a matter of law." (District Court docket entry dated October 17, 2002.)

LIRR filed its new-trial motion papers on November 21, 2002. Plaintiff opposed the motion, both on the merits and on the ground that the court lacked jurisdiction to entertain the motion. In support of the latter argument, plaintiff argued that Rule 58 requires that the entry of judgment be prompt, that Rule 59(b) requires that any new-trial motion be filed within 10 days after the entry of judgment, that Rule 6(b) provides that the court may not extend the time for making a Rule 59(b) motion, and hence that the court had no authority to delay the entry of judgment in order to extend the Rule 59(b) deadline.

In a Memorandum & Order dated July 16, 2004 ("July Order"), the district court rejected plaintiff's challenge to its jurisdiction to entertain LIRR's motion, stating that it had "discretion to delay entry of judgment pending resolution of a post-trial motion." July Order at 4. As to the merits, the court ruled, *inter alia,* that the jury's finding of $1.3 million for future pain and suffering was so high as to shock the judicial conscience and hence must be set aside. The court ordered a new trial on that aspect of the verdict unless plaintiff accepts a remittitur of $1.3 million to $450,000.

On August 4, 2004, plaintiff filed a notice of appeal, seeking review in this Court of the conditional order for a new trial. Thereafter, apparently realizing that the July Order was not appealable either under 28 U.S.C. § 1291 as a final order or under 28 U.S.C. § 1292(a) as an injunctive order, the parties returned to the district court to seek certification for an immediate appeal pursuant to 28 U.S.C. § 1292(b). In an order dated October 21, 2004 ("October Order"), the district court granted a § 1292(b) certification. On October 26, 2004, plaintiff filed a brief on appeal arguing (1) that the district court had no power to extend the Rule 59(b) deadline for LIRR's new-trial motion and hence had no authority to entertain and grant that motion; and (2) that the jury had ample evidence to support its finding that plaintiff had proven damages amounting to $1.3 million for future pain and suffering, and hence that the verdict should not have been disturbed.

Prior to oral argument, this Court instructed the parties to be prepared to respond to questions as to why we should entertain this appeal.

## DISCUSSION

For the reasons that follow, we conclude that the requirements for an immediate appeal pursuant to § 1292(b) are not met. That section provides, in pertinent part, that

[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion *that such order involves a controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation, he shall so state in writing in such order. *The Court of Appeals* which would have jurisdiction of an appeal of such action *may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.*

28 U.S.C. § 1292(b) (emphases added). This section, by its terms, thus imposes both procedural and substantive requirements on a would-be appellant. Neither set of requirements was entirely met in this case, although we excuse the procedural defect.

■ As a matter of procedure, after obtaining a proper § 1292(b) certification from the district court, the would-be appellant (a) must petition the court of appeals for permission to appeal, and (b) must do so within 10 days after entry of the district court's certification order. The district court's certification confers no right to appeal but only the right to petition the court of appeals to exercise its discretion to entertain an appeal.

■ Further, the Federal Rules of Appellate Procedure ("FRAP Rules") provide that when acceptance of an appeal is within the court of appeals' discretion, "[t]he petition *must* be filed within the time specified by the statute . . . authorizing the appeal." Fed. R.App. P. 5(a)(2) (emphasis added). Thus, the "ten-day window" specified by § 1292(b) "is mandatory, not discretionary." *Tranello v. Frey,* 962 F.2d 244, 248 (2d Cir.1992). "It is beyond the power of this Court to enlarge" that period. *Id.*

In the present case, no petition for permission to appeal was filed. However, with respect to appeals as of right, the Supreme Court has instructed that when a party has filed papers that "are technically at variance with the letter of" FRAP Rule 3, which governs the filing of a notice of appeal, "a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (internal quotation marks omitted). In *Smith,* the Court held that "an appellate brief," filed before the deadline specified by FRAP Rule 4 for filing the notice of appeal, "may qualify as the notice of appeal required by [FRAP] Rule 3." *Id.* at 245, 112 S.Ct. 678.

■ In the present case, although plaintiff did not file a petition for leave to appeal, he did file in this Court, within 10 days after the district court's October certification order, his appellate brief. That brief is the functional equivalent of a petition for leave to appeal, and we will thus treat it as the requisite § 1292(b) application.

■ As to substance, however, we conclude that plaintiff's application does not meet the § 1292(b) criteria. To warrant our granting leave to appeal pursuant to that section, (a) the appeal must concern a question "of law," (b) that question must be one that is "controlling," and (c) that controlling question of law must be one "as to which there is substantial ground for difference of opinion." The two questions presented in plaintiff's brief are (1) whether the district court had the power to delay the entry of judgment so as to extend the Rule 59(b) deadline for LIRR to make its new-trial motion, and (2) whether the jury award for future pain and suffering was properly set aside as excessive. Neither issue meets all of the substantive § 1292(b) criteria.

■ As to the latter issue, plaintiff conceded at oral argument that the matter of the excessiveness of the jury's award does not present a question of law. Rather, it

presents a question as to the proper evaluation of the evidence introduced at trial. That evaluation is not reviewed *de novo,* as a question of law would be, but rather is accorded deferential review, *see, e.g., Reinertsen v. George W. Rogers Construction Corp.,* 519 F.2d 531, 532 (2d Cir.1975) (holding that an order granting a new-trial motion asserting excessiveness of the verdict may be reversed only where jury's award "was *clearly* within the maximum limit of a reasonable range" (emphasis in original) (internal quotation marks omitted)); *Dagnello v. Long Island R.R.,* 289 F.2d 797, 806 (2d Cir.1961) (reviewing denial of such a new-trial motion for "abuse of discretion"). Nor is there any dispute as to the proper legal standard for the court's evaluation of the evidence to support the jury's award. The district court assessed whether the $1.3 million finding was so high as to shock the judicial conscience; the parties agree that that is the correct standard, *see generally O'Neill v. Krzeminski,* 839 F.2d 9, 13 (2d Cir.1988); *Zarcone v. Perry,* 572 F.2d 52, 56 (2d Cir.1978).

■ In sum, the correctness *vel non* of an order finding that a monetary verdict is not supported by the evidence but rather is so high as to shock the judicial conscience, and requiring a new trial unless the claimant accepts a remittitur, is not a question of law as to which an immediate interlocutory appeal is appropriate under § 1292(b).

■ Plaintiff argues instead that we should grant him leave to appeal because Rule 58 requires that a judgment be entered "promptly" after the return of a special verdict or a general verdict with interrogatories; Rule 59(b) provides that "[a]ny motion for a new trial shall be filed no later than 10 days after entry of the judgment"; and Rule 6(b) states that the district court "may not extend the time for taking any action under Rule[ ] ... 59(b)." Fed.R.Civ.P. 58, 59(b), 6(b). He argues that the matter of whether the district court lacked authority under Rules 6(b) and 58 to delay the entry of judgment in order to expand LIRR's time to make a Rule 59(b) motion presents the requisite question of law. We agree that this presents a question of law; but we cannot conclude that it is controlling, for the dispositive question is whether LIRR's new-trial motion was timely, and we see more than one basis on which that motion can be ruled timely.

First, the 10–day period for filing the new-trial motion is expressly triggered by the entry of judgment. *See* Fed.R.Civ.P. 59(b) ("Any motion for a new trial shall be filed no later than 10 days after the entry of the judgment."). Although Rule 58 states that judgment on a jury verdict shall be entered promptly on a separate document, that Rule as it existed in September 2002, when the verdict was returned in this case, lacked any substitute trigger that would apply if the court failed to comply with the prompt-entry requirement. Thus, prior to amendments that became effective in December 2002, the "result of failure to enter judgment on a separate document [wa]s that *the time for making motions under* [*inter alia* ] *Rule* [ ] *... 59 ... never beg[an] to run.*" Fed. R.Civ.P. 58 Advisory Committee Note (2002) (emphasis added); *cf. Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (considering the timeliness of an application for fees under the Equal Access to Justice Act ("EAJA"), required to be filed "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and stating that "even if the District Court *should have* entered judgment in connection with its ... order ..., the fact remains that it did not. And since no judgment was entered, ... the

30–day time period for filing an application for EAJA fees cannot have run." (emphasis in original)). *See also* Fed. R.App. P. 4 Advisory Committee Note (2002) (certain 2002 "amendments to ... Fed.R.Civ.P. 58 concern[ ] the following question: When a judgment or order is required to be set forth on a separate document under Fed. R.Civ.P. 58 but is not, does the time ... to bring post-judgment motions, such as a motion for a new trial under Fed.R.Civ.P. 59[,] *ever* begin to run? According to every circuit except the First Circuit, the answer is 'no.' " (emphasis added)). Thus, under the Rules as they existed at the time of the verdict in this case, a failure by the district court to enter a judgment in compliance with Rule 58, far from foreclosing a timely Rule 59(b) motion, virtually guaranteed its timeliness.

Although the anomaly of eternal timeliness caused by lack of entry of a judgment may have been alleviated by the December 2002 amendments to Rule 58, those amendments, even had they been effective at the time of the verdict in this case, would require rejection of plaintiff's contention that LIRR's motion was untimely for failure to file within 10 days after the entry of judgment. As amended effective December 1, 2002, Rule 58 provides, *inter alia,* that where a judgment is required to be set forth on a separate document under Rule 58 but is not, the judgment is to be considered "entered for purposes of these rules ... when 150 days have run from entry in the civil docket under Rule 79(a)," Fed.R.Civ.P. 58(b)(2)(B) (2002); *see* Fed. R.Civ.P. 79(a) (requiring, *inter alia,* that all "verdicts[ ] and judgments shall be entered chronologically in the civil docket"). Assuming *arguendo* that this new provision in Rule 58 means that if there is no separate document, a losing party's time to move for a new trial pursuant to Rule 59 expires 10 + 150 days after entry of the verdict in the civil docket, we note that

LIRR's November 21, 2002 motion papers were filed well within that period, a mere 59 days after the September 23 entry of the verdict in the docket.

Finally, LIRR's motion for a new trial can be found timely even if a judgment had been entered pursuant to Rule 58 on September 12, because the Rules provide that a motion need not be in writing if it is "made during a hearing or trial." Fed. R.Civ.P. 7(b)(1). For purposes of Rule 7, "[a] motion made immediately upon the pronouncement of the verdict is made 'during' the trial." *Douglas v. Union Carbide Corp.,* 311 F.2d 182, 185 (4th Cir.1962); *see, e.g., Meriwether v. Coughlin,* 879 F.2d 1037 (2d Cir.1989). In *Meriwether,* we considered the timeliness of a motion for judgment notwithstanding the verdict ("j.n.o.v"), the deadline for which, like that for a new-trial motion, is "10 days after entry of judgment," Fed.R.Civ.P. 50(b), and which, like the deadline for new-trial motions, may not be extended by the court, *see* Fed.R.Civ.P. 6(b). The *Meriwether* jury had returned a verdict in favor of the plaintiff and defense counsel then stated, "I would, your Honor, like to at this time note that defendants wish to move for a judgment notwithstanding the verdict." 879 F.2d at 1040. Although counsel thereafter requested—and received—more than 10 days' time in which to file the motion papers, we held that the district court properly ruled that, by that initial statement, the "defendants had made an oral motion for j.n.o.v. sufficient to meet Rule 50(b)'s time strictures." *Id.* at 1041 (internal quotation marks omitted).

■ In the present case, immediately after the jury's verdict, defense counsel "renew[ed]" LIRR's earlier "motion[s] for judgment as a matter of law" (Tr. 305), and he proceeded to argue "[i]n addition" that the jury's verdict was excessive:

[A]s to the damages, the jury clearly went beyond what the stipulation was as far as damages is concerned and I would think that the jury and with respect to its future damages of 1.3 million when in fact the testimony of both doctors was that in the future Mr. Casey would clearly not have any way near the pain that he had previously. Dr. Epstein, his own treating surgeon, said once the surgery was completed the pain had resolved. There was no more pain down his leg. The radiculitis had gone away and she expected—

(Tr. 306.) The court interrupted, observing that the "substantial things [on which LIRR] wish[ed] to make a motion" "to reduce the award" included "the future pain and suffering." (*Id.*) The court stated, "I prefer you do it on papers," asked how much time defense counsel would "need to file the papers" (*id.*), and agreed to set the briefing schedule after counsel had received the trial transcript (*see id.* at 306–07). Since it is well established that the court cannot, consistent with a plaintiff's Seventh Amendment right to a jury trial, simply reduce the jury's verdict but may give the plaintiff a choice between a remittitur and a new trial, *see, e.g., Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 914–15 (2d Cir.1997), we think it plain that the district court, in referring to counsel's motion to reduce the jury's award, viewed counsel as moving for a new trial unless plaintiff would accept a remittitur. That oral motion in open court following the return of the jury's verdict was plainly within the time limit imposed by Rule 59(b).

In sum, LIRR's new-trial motion can be found timely because it was—on any of a number of theories—made before LIRR's time to move had even begun. Thus, the question of whether a district court has authority to delay the entry of judgment for the purpose of extending a party's time to make a Rule 59(b) motion, in seeming contravention of Rule 58's requirement for the prompt entry of judgment and Rule 6(b)'s prohibition of the granting such an extension, need not be reached.

We conclude that the July Order presents no controlling question of law. The petition for leave to appeal is denied, and the appeal is dismissed.

No costs.