SUMMARY ORDER
Appellant Leonard William Houston, pro se, appeals from the April 19, 2006 judgment of the United States District Court for the Southern District of New York (William C. Conner, J.), which dismissed Houston’s bankruptcy appeal for lack of jurisdiction. We presume the parties’ familiarity with the facts and issues on appeal.
A notice of appeal from a bankruptcy court order must be filed within 10 calendar days of the date that the final order is entered. See Fed. R. Bankr.P. 8002(a); see also Fed. R. Bankr.P. 9006(a). Since the bankruptcy court terminated the automatic stay on January 31, 2006, Houston had until February 10, 2006 to file his notice of appeal. But he did not file that notice until February 16, 2006 — six days late.
On appeal, Houston does not contest that he filed his notice late. Nor does he provide any explanation for the late filing. Additionally, because Aames Funding Corporation objected to Houston’s late filing before the District Court, we are not faced with the question of whether the 10-day time limitation is jurisdictional. Cf. Bowles v. Russell, — U.S. -, 127 S.Ct. 2360, 2364, 168 L.Ed.2d 96 (2007); Zhong v. U.S. DOJ, 480 F.3d 104, 123-24 (2d Cir.2007). Accordingly, the District Court properly dismissed Houston’s appeal regardless of whether the 10-day period is a jurisdictional limitation or merely “an inflexible claim-processing rule.” Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); see also Eberhart v. United States, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). For those same reasons, the District Court properly denied Houston’s motion for reconsideration.
Finally, we decline to grant Aames Funding Corporation’s request for sanctions because there has been neither “ ‘a separately filed motion [n]or notice from the court.’ ” Great Am. Ins. Co. v. M/V Handy Laker, 348 F.3d 352, 354 (2d Cir.2003) (per curiam) (quoting Fed. R.App. P. 38).
*912 For those reasons, we AFFIRM the judgment of the District Court.