Roger John TRAVERSA, Appellee,

v.

EDUCATION CREDIT
MANAGEMENT CORP., Appellant.

No. 07–mc–149 (JBA).

United States District Court,
D. Connecticut.

April 29, 2008.

Roger John Traversa, Harwinton, CT, pro se.

## RULING ON PLAINTIFF'S MOTION FOR LEAVE TO APPEAL

JANET BOND ARTERTON, District Judge.

Roger John Traversa, a *pro se* party to an adversarial proceeding in the bankruptcy court for this district, seeks leave to appeal that court's denial of his motion for summary judgment and the denial of his subsequent motion for reconsideration, as having "overlooked the clear law or resulted in manifest injustice" to appellant. For the reasons set forth below, his motion for leave to appeal will be denied.

## I. Facts and Background

Mr. Traversa is engaged in an adversarial proceeding in the Bankruptcy Court regarding the dischargeability of student loans under 11 U.S.C. § 523(a)(8). He was granted a discharge under 11 U.S.C. § 727, leaving the outstanding issue of whether excepting his student loan debt from discharge would result in undue hardship. On February 20, 2007, the bankruptcy court denied Mr. Traversa's motion for summary judgment that his circumstances showed undue hardship as a matter of law, Pl.'s Ex. B, and he moved for reconsideration of the denial. The bankruptcy court denied the motion to re-consider on April 25, 2007, and Mr. Traversa filed his notice of appeal with this Court on May 18, 2007 [Doc. # 1], apparently contesting both the denial of summary judgment and the denial of reconsideration.

Because the bankruptcy court denied Mr. Traversa's motion for a stay of proceedings while this appeal was pending—a decision which Mr. Traversa unsuccessfully appealed—the adversarial proceeding has continued apace in the bankruptcy court, as has Mr. Traversa's propensity for lodging appeals. On November 15, 2007, notwithstanding the pendency of the instant appeal, Mr. Traversa renewed his motion for summary judgment in the bankruptcy court, and was again denied on December 27, 2007. Mr. Traversa's motion for leave to appeal that ruling was denied by Magistrate Judge Margolis, *In re Traversa*, No. 08–mc–21 (D.Conn. Feb. 26, 2008), and garnered Mr. Traversa a warning "that if he continues to file frivolous appeals ... the Court may consider the imposition of sanctions against him, including a prohibition against any future filings without explicit permission of the Court." *Id.*, Slip Op. at 3.

The adversarial party in the bankruptcy proceeding, Education Credit Management Corporation ("Education Credit"), opposes leave for Mr. Traversa to appeal the denial of summary judgment and the denial of reconsideration on the basis of the untimeliness of his notice of appeal, due to deficiencies in Traversa's compliance with the requirements of Fed. R. Bankr.P. 8003(a), and because neither denial of summary judgment nor denial of reconsideration are final judgments from which appeals can be taken as of right or which warrant interlocutory appeal.

## II. Timeliness

■ Education Credit Management Corporation argues that Mr. Traversa's

motion for leave to appeal is untimely because he failed to timely move for reconsideration of the bankruptcy court's denial of summary judgment. Therefore, according to Education Credit, "[b]ecause [Traversa]'s motion for reconsideration was not timely filed, [his] appeal of the Order Denying Motion for Summary Judgment is untimely," Opp. to Leave to Appeal [Doc. # 6] at 2. Traversa responds that the bankruptcy court granted him leave to file his motion for reconsideration late, in reflection of the snowy conditions existing the day the motion was due. Because a motion for reconsideration tolls the ten-day limit on appeals, Fed. R. Bankr.P. 8002(b), the occurrence which concerns this Court is the May 7, 2007 notice of appeal.

■ A litigant seeking to appeal an order of the bankruptcy court must file a notice of appeal "within 10 days of the date of entry of the judgment, order, or decree appealed from," Fed. R. Bankr.P. 8002(a). A failure to timely file the notice of appeal may result in dismissal by the district court. *E.g., Houston v. Aames Funding Corp.,* 240 Fed.Appx. 910, 911 (2d Cir. 2007) (summary order) (dismissal of interlocutory bankruptcy appeal filed outside of the ten-day window proper "regardless of whether the 10–day period is a jurisdictional limitation or merely an inflexible claim-processing rule") (internal quotation omitted).

The bankruptcy court's order denying reconsideration of its summary judgment ruling was entered on April 26, 2007, and Mr. Traversa filed his notice of appeal with that court on May 7, 2007. Ten days from April 26, 2007 was Sunday, May 6, 2007; because "[i]n computing any period of time prescribed or allowed by these rules ... [t]he last day of the period so computed shall be included, *unless it is a ... Sunday,"* Fed. R. Bankr.P. 9006(a) (emphasis added), the last day on which Mr. Traversa could file his notice of appeal was Monday, May 7, 2007. He filed on that date, and his appeal is therefore timely.

### III. Leave to Appeal

■ Education Credit also opposes Mr. Traversa's motion for leave to appeal on the basis that Mr. Traversa seeks to have this Court review an interlocutory order of the bankruptcy court. In his briefing, Mr. Traversa does not distinguish between the denial of summary judgment and the denial of reconsideration, but focuses on the merits of his summary judgment argument.

■ While district courts "shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees" of bankruptcy courts, they are also permitted to grant leave to hear appeals "from other interlocutory orders and decrees" of bankruptcy courts, 28 U.S.C. § 158(a), (c). Normally, "the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment," *O'Bert v. Vargo,* 331 F.3d 29, 38 (2d Cir.2003), and is thus treated as an interlocutory order. *See also In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir. 1987) ("[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of *discrete disputes within the larger case"*) (internal quotation omitted).

■ In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court, *cf. North Fork Bank v. Abelson,* 207 B.R. 382, 387 (E.D.N.Y.1997) ("[D]istrict courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which dictates the circumstances under which the court of appeals may accept

interlocutory appeals from district courts"); *Chase Manhattan Bank v. Aro-Chem Corp.*, 198 B.R. 425, 427 (D.Conn. 1996). Section 1292(b) permits appeal of interlocutory orders where the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." Thus, in order for an interlocutory appeal from the bankruptcy court to present an appropriate issue for this Court's consideration, "(a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling,' and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir.2005) (explaining elements of § 1292(b)).

The bankruptcy court denied Mr. Traversa's motion for summary judgment on the basis that further fact-finding was warranted, explaining that "the court has grave doubts as to whether this adversary proceeding should be disposed of" on summary judgment because determinations of undue hardship under 11 U.S.C. § 523(a)(8) "are highly fact sensitive." Appellant's Amended Mot. for Leave to Appeal [Doc. # 5] at Ex. B. In his briefing to this Court, Mr. Traversa asserts that the *controlling* question of law posed by his appeal is whether the facts which he asserts to be true establish undue hardship under 11 U.S.C. § 523(a)(8) as a matter of law.

By contesting the propriety of the denial of summary judgment, however, the appellant's quarrel is with the state of the factual record below, and not with any question of law: the bankruptcy court did not address the legal issue of undue hardship in its ruling, explicitly avoiding ruling on the question for want of facts sufficient to decide the question of law. The bankruptcy court's conclusion that the factual record was insufficient to resolve the question of law posed by Appellant's motion for summary judgment does not present a controlling question of law "as to which there is substantial ground for difference of opinion" for this Court on review. Rather, Mr. Traversa's putative appeal is an invitation for interlocutory review of whether the facts before the bankruptcy court were sufficient to grant summary judgment in his favor. Lacking a controlling question of law as to which there is substantial ground for difference of opinion, an appeal of the bankruptcy court's denial of summary judgment is inappropriate under § 1292(b), and will therefore be denied.

## V. Conclusion

For the reasons set forth above, Mr. Traversa's motion for leave to appeal [Doc. # 1] is DENIED. The clerk is directed to close this case.

IT IS SO ORDERED.