**Richard RIVENBURGH,**
**Plaintiff–Appellant,**

v.

**CSX TRANSPORTATION,**
**Defendant–Appellee.**

Nos. 06–4514–cv(L), 06–4884–cv(Con).

United States Court of Appeals,
Second Circuit.

May 30, 2008.

62

Michael Kleeman, Kleeman & DiGiovanni, P.C., Philadelphia, PA, for Appellant.

Noreen DeWire Grimmick, (Lawrence R. Bailey, Jr., on the brief), Hodgson Russ LLP, Albany, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LORETTA A. PRESKA, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant CSX Transportation (the "Railroad") appeals from the district court's judgment, upholding a jury verdict finding the Railroad liable under the Federal Employee's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*, and awarding $553,150 in damages to plaintiff-appellee Richard Rivenburgh for past and future pain and suffering resulting from a hearing loss he sustained on the job when an acetylene torch he was using created an explosive noise. On appeal, the Railroad challenges the district court's denial of its pre-trial motion under Fed.R.Civ.P. 56, and post-trial denial of the Railroad's motions under Fed.R.Civ.P. 50 & 59. We assume the parties' familiarity with the facts and procedural history of the case.

 Initially, the Railroad's challenge to the district court's denial of its pre-trial motion for summary judgment is mis-

1. The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

placed and is otherwise moot. In *Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125 (2d Cir.1999), we held that the defendant was not entitled to appeal from the denial of its motion for summary judgment where, as here, there was an intervening trial on the merits. While we have recognized exceptions to this rule based on "extraordinary" circumstances, *see id.* at 132, or where the denial of summary judgment rested on a "pure" legal error, *see Schaefer v. State Ins. Fund,* 207 F.3d 139, 142 (2d Cir.2000), this case meets neither criteria.

Separately, the Railroad argues that the district court erred in denying its post-trial motions on the grounds that: (1) the jury's findings were the result of pure conjecture as to what caused Rivenburgh's injury; (2) Rivenburgh failed to prove that the injury was foreseeable by the Railroad or that the Railroad had a reasonable opportunity to repair the allegedly dangerous condition; (3) the weight of the evidence was adversely impacted by the court's erroneous evidentiary rulings that allowed expert testimony by lay witnesses, including Rivenburgh, concerning the cause of his injury; and (4) the jury's damages award was excessive.

█ The first three of these challenges relating to liability are meritless. Under FELA, a railroad is liable to "any person suffering injury while he is employed by [the railroad] ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad]." 45 U.S.C. § 51. We have explained that FELA is to be construed "in light of its broad remedial nature, as creating a relaxed standard for negligence as well as causation." *Williams v. Long Island R.R. Co.,* 196 F.3d 402, 406 (2d Cir.1999) (citation omitted). Measured by these standards we find no error in the district court's assessment that the jury had before it sufficient evidence to conclude that the Railroad's negligence was a 60% cause of Rivenburgh's injury, that Rivenburgh was 40% comparatively at fault, and that the injury was sufficiently foreseeable to the Railroad. As the district court explained:

> The jury was entitled to infer, based on the testimony of Rivenburgh and [co-worker Robert] Zinzow, that the presence of slag on the tip of the acetylene torch caused the loud noise that resulted in Rivenburgh's hearing loss. Rivenburgh and Zinzow both testified about the dangers of the acetylene torches and the possible consequence of failing to clean and inspect them prior to their use. Moreover Rivenburgh testified that he saw slag on the tip of the torch after hearing the loud noise.

> The jury was also entitled to find foreseeability because [the Railroad] trained its employees to inspect and clean acetylene torches prior to using them.... Furthermore, the jury could have reasonably concluded that [the Railroad], in part, was responsible for Rivenburgh's failure to detect the slag because its supervisors were pressuring him to expedite his work.

*Rivenburgh v. CSX Corp.,* No. 1:03–cv–1168, 2006 WL 2571018, at *4–5, 2006 U.S. Dist. Lexis 62903, at *12–13 (N.D.N.Y. Sept. 5, 2006).

█ The Railroad claims however—perhaps rightly so—that the jury's liability finding necessarily hinged on the purportedly expert testimony of Rivenburgh and Zinzow concerning the cause of Rivenburgh's injury, and that the district court erred in admitting this testimony. But we may not reach this evidentiary challenge because it was not properly preserved below. *See* Fed.R.Evid. 103 ("Error may not be predicated upon a ruling which admits ... evidence unless ... a timely objection or motion to strike appears of record, stat-

ing the specific ground of objection, if the specific ground was not apparent from the context."). Although the Railroad filed a pre-trial *in limine* motion seeking to preclude Rivenburgh (or anyone else) from offering expert testimony, the district court expressly reserved ruling on the motion, and, at trial, the Railroad failed to timely object on expert-testimony grounds when the at-issue testimony was received into evidence.[2] Although the Railroad points us to record objections it made to parts of Rivenburgh's testimony, none of those objections were on expert-testimony grounds. Moreover, while the Railroad did object on expert-testimony grounds to one question during Zinzow's testimony, the district court properly ruled that the question objected to did not call for expert testimony, and the Railroad failed to later timely object when the testimony arguably transcended into expert testimony. Accordingly, we reject the Railroad's challenges to the liability findings.

██ We are troubled by the damages award in this case, however, and on that basis we vacate the judgment in part. Our standard of review of damage awards is "whether the award is so high as to shock the judicial conscience and constitute a denial of justice." *O'Neill v. Krzeminski,* 839 F.2d 9, 13 (2d Cir.1988); *see also Casey v. Long Island R.R. Co.,* 406 F.3d 142, 146–47 (2d Cir.2005). Contrary to the parties' suggestions, "the matter of the excessiveness of the jury's award does not present a question of law." *Casey,* 406

F.3d at 146. "Rather, it presents a question as to the proper evaluation of the evidence introduced at trial. That evaluation is not reviewed *de novo,* as a question of law would be, but rather is accorded deferential review." *Id.* at 146–47. When considering whether an award for damages is excessive, we may review awards in other cases involving similar injuries, while being cognizant of the fact that each judgment depends on a unique set of facts and circumstances. *Nairn v. National R.R. Passenger Corp.,* 837 F.2d 565, 568 (2d Cir.1988).

In this case, Rivenburgh presented expert medical testimony that he suffered a hearing loss at the conversational frequency in one ear, which now requires him to use a hearing aid in that ear. Rivenburgh claims that his injury was particularly harmful because a hearing loss at the conversational frequency affects daily life more so than hearing losses at other frequencies, and further because he already had a hearing impairment in his other ear. These considerations notwithstanding, our review of comparable cases involving hearing loss makes clear that the damages awarded to Rivenburgh is "shock[ingly]" excessive. *See O'Neill,* 839 F.2d at 13.

We begin with the cases relied upon by Rivenburgh. In *CSX Transportation, Inc. v. Long,* 703 So.2d 892 (Ala.1996), the plaintiff was awarded $1,000,000 in damages by the jury for his hearing loss in both ears sustained from years of exposure

---

**2.** The district court's minute entry ruling on the *in limine* motion states:

Atty. Bailey [for the Railroad] turns to Plaintiff as expert; Court RESERVES on this motion; Court states let plaintiff testify to facts and circumstances; views from facts of training; if transcends into expert, will not permit.

Even if, as the Railroad claims, this entry can be read as definitely precluding Rivenburgh from testifying as an expert, the district

court clearly reserved ruling as to what testimony might transcend into the expert realm. And, to the extent there was any ambiguity in the district court's order, it was incumbent on the Railroad to cure it. *See* Fed.R.Evid. 103, advisory committee's note ("The amendment imposes the obligation on counsel to clarify whether an *in limine* or other evidentiary ruling is definitive when there is doubt on that point.").

to train horns and machinery. *Id.* at 893–94.[3] The court, finding the verdict excessive, reduced it to $500,000. *Id.* at 899. And in *CSX Trans. v. Maynard*, 667 So.2d 642 (Ala.1995), the jury awarded the plaintiff $325,000 in compensatory damages for a hearing loss suffered due to exposure to machines emitting loud noises. *Id.* at 643.[4]

Other hearing impairment cases we have found include *Mullet v. Wheeling & Lake Erie R.R. Co.*, No. 81688, 2003 WL 21469150, at *1, 2003 Ohio App. LEXIS 2996, at *1 (Ohio Ct.App. June 26, 2003) (verdict of $102,000 for tennitus—a ringing in the ears); *CSX Transportation., Inc. v. Dansby*, 659 So.2d 35, 37–38 (Ala.1995) (verdict of $105,000 for hearing loss at the conversational level); *CSX Transportation, Inc. v. Bryant*, 589 So.2d 706 (Ala.1991) (verdict of $25,000 for loss of hearing). And, in *Guerrero v. American President Lines, Ltd.*, 394 F.Supp. 333 (N.D.N.Y.1975), a plaintiff who suffered a partial hearing loss *and* total loss of taste and smell received a verdict of $200,000. *Id.* at 338.[5]

Rivenburgh, by stark contrast, was awarded $1,000,000 in damages (comprised of $600,000 for past pain and suffering and $400,000 for future pain and suffering).[6] Rivenburgh's $1,000,000 jury verdict is significantly more than that awarded in the cases Rivenburgh himself relies upon, and is exponentially greater than the other comparative cases we have identified. While cognizant that pain and suffering damages are not readily quantifiable by any mathematical or scientific precision, Rivenburgh's award clearly "falls outside a reasonable range of awards." *See DiSorbo v. Hoy*, 343 F.3d 172, 184 (2d Cir.2003). We believe that an award of $400,000 in damages (comprised of $240,000 in past pain and suffering and $160,000 in future pain and suffering)[7] is more keeping with reason. That $400,000 figure, of course, must further be reduced by 40% to $240,000 (to account for Rivenburgh's comparative negligence) and for future value.

We remand for a new trial on damages, but leave Rivenburgh the option of forgo-

**3.** Although the decision in *Long* does not specify whether this amount was for pain and suffering, we assume for purposes of our discussion that it was. Unless otherwise noted, our approach is the same with respect to the damages awards in the other comparative cases cited herein.

**4.** Rivenburgh also relies on *Ruiz v. Southern Pacific Transportation Co.*, No. C033446, 2003 WL 1590601, 2003 Cal.App. Unpub. Lexis 3057 (Cal.Ct.App. Mar. 2003) (upholding an award of $495,000 reflecting a 12.5% reduction for comparative negligence and other causes), but under California's court rules, neither Rivenburgh nor we are permitted to rely on this opinion. *See* Cal. R. Ct. 8.1115(a). Even if we were to, it would not affect our decision in this case.

**5.** We also take notice of the summaries of the verdicts in *Collins v. South Buffalo Railway*, 1999 WL 33484398 (N.Y.Sup.Ct.1999) (verdict including $50,000 for pain and suffering based on severe hearing loss); *Faraci v. Long Island Railway. Co.*, 1978 WL 208576 (N.Y. 1978) (verdict of $160,000, before reduction for comparative negligence, for hearing loss at high-frequency level).

**6.** Rivenburgh's $1,000,000 award was reduced by 40%, to $600,000, to account for Rivenburgh's comparative negligence, and further reduced by the district court to $553,150, to account for a 2% reduction in present value for future pain and suffering. For purposes of our comparison to other cases, we consider his award to be $1,000,000, rather than the adjusted figure of $553,150. The alternative approach would be to adjust the verdicts in the comparative cases to account for identical adjustments in Rivenburgh's case for comparative negligence and present value. The same ratios obtain by either means.

**7.** Our breakdown for past and future pain and suffering is based on the same 6:4 ratio reflected in the jury's award.

ing a new trial on damages if he agrees to remit any damages above our adjusted figure of $240,000. *See id.* at 189 (providing plaintiff a similar option); *Lee v. Edwards,* 101 F.3d 805, 813 (2d Cir.1996) (same). Rivenburgh is directed to inform the district court in writing, with a copy to this Court, within fifteen days of the issuance of our mandate concerning his intent to remit or retry. Should Rivenburgh agree to remit, the parties are further directed to reach agreement on what the appropriate reduction for present value should be, and, if they cannot agree, the district court shall decide the issue.

For the foregoing reasons, the judgment is AFFIRMED in part, and VACATED in part with instructions.