Frank BILELLO, individually and on behalf of all others similarly situated, Plaintiff,

v.

JPMORGAN CHASE RETIREMENT PLAN, JPMorgan Chase Director of Human Resources, as administrator of the JPMorgan Chase Retirement Plan, Defendants.

No. 07 Civ. 7379 (DLC).

United States District Court, S.D. New York.

March 9, 2009.

Lynn L. Sarko, Derek W. Loeser, Amy Williams–Derry, Karin B. Swope, Keller Rohrback LLP, Seattle, WA, Peter S. Linden, Andrew T. Watt, Kirby McInerney LLP, New York, NY, Joseph H. Meltzer, Edward W. Ciolko, Joseph A. Weeden, Barroway Topaz Kessler Meltzer Check LLP, Radnor, PA, Edgar Pauk, Esq., Brooklyn, NY, for Plaintiff.

Thomas C. Rice, Jonathan K. Youngwood, Simpson Thacher & Bartlett LLP, New York, NY, for Defendants.

## OPINION AND ORDER

DENISE COTE, District Judge:

Plaintiff Frank Bilello filed this putative class action against his former employer's retirement plan, JPMorgan Chase Retirement Plan, and its administrator, JPMorgan Chase Director of Human Resources, alleging numerous violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* On November 16, 2007, defendants moved to dismiss Bilello's complaint on several grounds, including statutory standing under ERISA. Specifically, defendants argued that Bilello's recent retirement and receipt of a lump-sum payout of his retirement benefits deprived him of standing to pursue his claims because he was no longer an ERISA plan "participant" within the meaning of ERISA Section 502(a), 29 U.S.C. § 1132(a).[1] An Opinion of January 6, 2009 found that Bilello was a "participant" and declined to dismiss the complaint on this ground. *Bilello v. JPMorgan Chase Retirement Plan,* 592 F.Supp.2d 654, 669 (S.D.N.Y.2009) (the "January 6 Opinion").[2]

---

1. ERISA Section 502(a), 29 U.S.C. § 1132(a), allows a "participant" to bring certain types of civil actions to enforce an employer's obligations under ERISA. ERISA defines a participant to include a "former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ...." § 3(7), 29 U.S.C. § 1002(7). As the Supreme Court explained almost twenty years ago, a former employee with "a colorable claim to vested benefits 'may become eligible' " for benefits and may bring an action under ERISA. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 118, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

2. Familiarity with the January 6 Opinion is assumed.

On January 21, 2009, defendants moved pursuant to 28 U.S.C. § 1292(b) to certify an immediate appeal from the January 6 Opinion. Bilello's opposition contests that any of the three requirements for certification are met. The motion for certification is denied because no "substantial ground for difference of opinion" exists. 28 U.S.C. § 1292(b).

■ Section 1292(b) provides in part: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may *materially advance the ultimate termination of the litigation,* he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b) (emphasis supplied); *Casey v. Long Island R.R. Co.,* 406 F.3d 142, 146 (2d Cir.2005). Section 1292 is to be "reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865–66 (2d Cir.1996). This statute is to be narrowly construed, as "the power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law." *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990) (citation omitted). It therefore "continues to be true that only 'exceptional circumstances' warrant certification." *Id.* (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). The three elements—whether an appeal from a finding of statutory standing for a recipient of a lump-sum retirement benefit under a defined benefit plan would materially advance the ultimate termination of the litigation, whether it is a controlling question of law, and whether substantial ground for difference of opinion exists—will each be considered.

1. Material Advancement of the Ultimate Termination of the Litigation

■ The issue of the statutory standing of the recipient of a lump-sum benefit under ERISA Section 502, 29 U.S.C. § 1132, is a question of substantial import to this case. Reversal on the issue, defendants correctly argue, would materially advance the ultimate termination of the litigation. Defendants point out that, had Bilello been found to lack statutory standing, all nine of his class-wide claims would have been dismissed. These claims include all of Bilello's claims relating to the conversion of his defined-benefit retirement plan to a cash balance plan and the subsequent plan amendments. His only remaining claims would be his two individual claims for statutory penalties for defendants' alleged failures to timely provide him with plan documents and provide a statement of his benefits in 2007. As defendants note, these two claims carry a maximum penalty of $100 per day, a recovery dwarfed by a potential recovery on the class-wide claims, which could force a recalculation of benefits for thousands of employees and a revocation of retirement plan formulas in place for nearly two decades should a class be certified and Bilello ultimately prevail.

Bilello argues that a reversal on the question of his statutory standing would nonetheless not "materially advance the ultimate termination of the litigation" because, among other reasons, some of the counts in the complaint would survive, as they do not arise under ERISA Section 502(a). Plaintiff's argument reads the

phrase "materially advance" out of the statute, arguing that only an issue that entirely disposes of a lawsuit merits interlocutory review.

Finding that Bilello lacked standing would "avoid protracted litigation." *Koehler*, 101 F.3d at 866. It would terminate nearly all of Bilello's claims, any possibility of class certification, and diminish any possible recovery to a small fraction of what it is should his nine class-wide claims survive a motion to dismiss. It would therefore materially advance the ultimate termination of the litigation.

## 2. Controlling Question of Law

■ Arguing that statutory standing is also a controlling question of law, defendants note that it is a pure legal issue requiring statutory interpretation that will materially affect the outcome of the case, for reasons explained above. Bilello responds that the question of the statutory standing of a former employee who has received a lump-sum payout of his retirement benefit is not controlling because an alternative basis for finding that he has standing exists. Noting that he retired during the pendency of the lawsuit, but was a current employee of JPMorgan Chase at the time the lawsuit was filed, Bilello asserts that standing is determined at the time a lawsuit is filed, citing *In re State Street Bank & Trust Co. Erisa Litigation*, 579 F.Supp.2d 512, 516 (S.D.N.Y. 2008). This argument is based on a line of cases concerned with constitutional standing under Article III, not statutory standing under ERISA. *See, e.g., Coan v. Kaufman*, 457 F.3d 250, 256 (2d Cir.2006) (distinguishing statutory standing under ERISA from constitutional standing). Bilello's statutory standing under ERISA

Section 502(a) is a legal question that determines his ability to maintain the major claims in this lawsuit, as explained above. It is therefore a controlling question of law whose resolution would materially advance the termination of the litigation.[3]

## 3. Substantial Ground for Difference of Opinion

■ The remaining question is the existence of a substantial ground for a difference of opinion regarding the standing of a lump-sum recipient from a defined-benefit plan. Defendants' argument that Bilello lacks standing turns on the distinction between defined benefit and defined contribution plans, which they assert allows them to distinguish Bilello's case from *LaRue v. DeWolff, Boberg, & Associates,* —— U.S. ——, 128 S.Ct. 1020, 169 L.Ed.2d 847 (2008), where the Court found that a former employee who had received a distribution from a defined contribution plan was a "participant," with standing to sue for benefits. *Id.* at 1026 n. 6. Defendants now principally argue that the January 6 Opinion did not appreciate the significance of the distinction between defined benefit and defined contribution plans. Defendants point to what they describe as contrary case law rejecting the standing of recipients of lump-sum retirement benefits from defined benefit plans, and to an opinion issued by the Honorable Harold Baer in a related case, *In re J.P. Morgan Chase Cash Balance Litigation,* 242 F.R.D. 265, 271 (S.D.N.Y.2007), which reached a different outcome on the issue of statutory standing.

■ To determine whether "the issue for appeal is truly one on which there is a *substantial* ground for dispute," a district

---

**3.** Bilello surprisingly suggests that he may contest that he has received a lump-sum payout. His declaration concedes that he has retired and does not state that he has not received his payout, and he attached his benefit election form to the opposition to defendants' motion to dismiss.

court must "analyze the strength of the arguments in opposition to the challenged ruling." *In re Flor v. BOT Financial Corp.*, 79 F.3d 281, 284 (2d Cir.1996). Defendants' attempts to challenge the January 6 Opinion and locate a substantial ground for difference of opinion are unavailing. Defendants severely mischaracterize the January 6 Opinion when they suggest that it ignored or minimized the distinction between defined benefit and defined contribution plans. *See, e.g.*, January 6 Opinion, 592 F.Supp.2d at 665 ("[i]n contrast [to an employee with a defined contribution plan], a former employee who has taken a lump-sum payment from a defined benefit plan … may not have a colorable claim for benefits"). The bulk of the analysis in the January 6 Opinion would have been unnecessary were the distinction between the two categories of plans insignificant; otherwise, *LaRue* would have been controlling authority dispositive of the question of Bilello's standing. But, having recognized that the distinction between the types of plans required careful analysis, a claim in the defined benefit context, as distinct from a claim against a defined contribution plan, was addressed in detail. Defendants do not grapple with the authority cited in the January 6 Opinion supporting its finding that claims for additional benefits may survive the distribution of lump-sum retirement benefits from a defined benefit plan. *See* January 6 Opinion, 592 F.Supp.2d at 665–66; citing, *inter alia, Wilkins v. Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 582 (2d Cir. 2006); *Esden v. Bank of Boston*, 229 F.3d 154, 162 (2d Cir.2000). Nor do they identify any possible error in the Opinion's conclusion that, should Bilello prevail on his claims alleging failures to provide adequate notice of plan amendments pursuant to ERISA Sections 102(a), 104(b)(1), 204(h), 29 U.S.C. §§ 1022(a), 1024(b)(1), 1054(h), various amendments of Bilello's

retirement plans may be deemed invalid and he may be entitled to a recalculation of benefits as determined in the formula in place prior to his retirement plan's conversion to a cash-balance formula. January 6 Opinion, 592 F.Supp.2d at 266, citing *Frommert v. Conkright*, 433 F.3d 254, 258 (2d Cir.2006).

Neither do defendants' citations to authority they represent as contradictory provide a substantial ground for difference opinion. Two of these decisions, *Teagardener v. Republic–Franklin Inc. Pension Plan*, 909 F.2d 947, 953 (6th Cir.1990), and *Kuntz v. Reese*, 785 F.2d 1410, 1411–1412 (9th Cir.1986), were discussed and distinguished by the January 6 Opinion because their facts are not analogous to Bilello's case. January 6 Opinion, 592 F.Supp.2d at 666–67. Defendants do not make any arguments that these cases were inappropriately distinguished. A third decision on which defendants once relied, *Graden v. Conexant Systems, Inc.*, 496 F.3d 291, 298 n. 10 (3d Cir.2007), was also analyzed by the January 6 Opinion, which noted that it did not in fact preclude the possibility that a retiree who had received a lump-sum benefit from a defined benefit plan could still have a claim for benefits and qualify as a participant. January 6 Opinion, 592 F.Supp.2d at 667. Defendants ignore the January 6 Opinion's analysis of *Graden.*

The remaining two cases defendants cite are also readily distinguishable on their facts. *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463 (10th Cir.1990), involved an early retiree's claim to benefits that he would have accumulated had he not retired early, a factual situation similar to that of *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528 (10th Cir.1993), which was distinguished by the January 6 Opinion. January 6 Opinion, 592 F.Supp.2d at 667; *Raymond*, 983 F.2d at 1535 ("*Mitchell* compels the conclusion that plaintiffs lack standing").

The *Mitchell* court found that the plaintiff lacked standing as a participant *not* because he had retired, but because his claim was for unvested benefits. *Mitchell*, 896 F.2d at 474. Bilello, meanwhile, asserts that his award of vested benefits should have been greater, pursuant to an ERISA-compliant retirement plan. Aside from penalties authorized by statute for his individual claims, his claim is for benefits whose award is not contingent on any future circumstance, but to which he was allegedly entitled under the terms of ERISA on the date of his retirement and to which he remains entitled.

Defendants also argue that *Crawford v. Lamantia*, 34 F.3d 28, 32 (1st Cir.1994), reaches a result contrary to the conclusion of the January 6 Opinion. *Crawford* involved an allegation that a breach of fiduciary duty by plan trustees reduced the lump-sum benefit that was distributed to plaintiff under a defined contribution employee stock ownership plan. *Id.* at 30–31. The court found that plaintiff had not shown that the alleged breach of fiduciary duty, the trustees' securing of a loan used to overpay for shares of stock, "had a direct and inevitable effect on his benefits." *Id.* at 33 (emphasis removed). This is essentially a claim for damages. Bilello faces no such problem, since invalidating the plan amendments, either because their terms violated ERISA or because of notice failures, would directly result in recalculation of his benefits under a different formula. *Crawford* therefore provides no ground for a difference of opinion regarding Bilello's standing.

Defendants are correct, however, that Judge Baer, faced with a similar set of facts in *In re J.P. Morgan Cash Balance Litigation,* reached the opposite conclusion, denying standing to former employees who had received lump-sum payouts from a defined benefit plan. 242 F.R.D. at 271. Judge Baer's opinion addressed both statutory and constitutional standing and performed the entirety of Rule 23 class certification analysis. It did not analyze the question at issue here in detail, and relied on the cases that, as explained above, are factually distinguishable upon closer analysis. *See, e.g., Kuntz,* 785 F.2d at 1411–1412; *Raymond,* 983 F.2d at 1535–36. With regard to those cases, Judge Baer simply stated that they are examples of situations where courts held that former employees lacked standing under ERISA. *In re J.P. Morgan Cash Balance Litigation,* 242 F.R.D. at 271. The January 6 Opinion did not disagree with that statement, although it contrasted Bilello's situation with that described in the group of cases cited by defendants. While Judge Baer's opinion does provide some ground for difference of opinion, it is the only source to which defendants can point that does so. And because the question of the standing of lump-sum recipients of benefits from defined benefit plans was not analyzed in detail, it does not provide a *substantial* ground for difference of opinion.

## CONCLUSION

Having found that no substantial ground for difference of opinion regarding Bilello's standing under ERISA Section 502, 29 U.S.C. § 1132, defendants' January 21, 2009 motion to certify the January 6 Opinion for interlocutory appeal is denied.

SO ORDERED: